KERN & LOEB, plaintiffs in error, *vs.* H. K. THURBER & COMPANY, defendants in error.

A title obtained by fraud, though voidable in the vendee, will be protected in a *bona fide* purchaser from such vendee, without notice. The evidence of notice of the fraud was not sufficient.

Sales. Fraud. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1875.

Reported in the decision.

L. C. LEVY, Jr., by R. J. MOSES, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendants to recover the possession of eleven barrels of sugar,

Kern & Loeb vs. Thurber & Company.

of the alleged value of $300 00, to which the plaintiffs claimed title. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiffs for the sum of $292 90. The defendants made a motion for a new trial on the several grounds therein fet forth, which was over-ruled by the court, and the defendants excepted.

It appears from the evidence in the record, that the plaintiffs, in the month of April, 1875, sold in New York to Barnard & Company, of Columbus, Georgia, a bill of goods, which were shipped to them at the latter place, a part of which was the eleven barrels of sugar in controversy. Before the arrival of all the goods in Columbus, the plaintiffs learned that Barnard & Company were insolvent, and stopped the delivery of the goods *in transitu*—that is to say, that portion of them which had not reached the place of destination, but the eleven barrels of sugar had reached Columbus, and were sold and delivered by Barnard & Company to the defendants, and paid for by them at the price which the sugar cost in New York. The evidence in the record is that on the 24th of April, 1875, the date of the sale of the sugar to the defendants by Barnard & Company, the latter were in good credit and standing as merchants. The plaintiffs proved that in March, 1875, before the bill of goods was purchased of them, that Barnard & Company had mortgaged their stock of goods to secure an indebtedness to the amount of $14,467 46, the same being a much larger amount than the value of their entire stock of goods. The mortgages upon their goods had not been recorded at the time the defendants purchased the sugar of them, and there is no evidence that the defendants had any knowledge thereof at that time, but, on the contrary, the evidence is that they were in good credit and standing. The court charged the jury, "that if they believed from the testimony that Barnard & Company obtained the goods by fraud and misrepresentation, and with the intent to sell and convey away the same to defraud their creditors, then Barnard & Company got no legal title to the same, and could convey none to the defendants if they had notice of such fraud in the

purchase, or of such fraudulent intent in the sale to them. If the defendants knew that Barnard & Company obtained the sugars from the plaintiffs by fraud, and sold the same to them with a view to hinder and delay and defraud their creditors, or to keep from paying the plaintiffs, and this was known to the defendants, that will render void the sale to defendants. If defendants had notice that the sugars were bought by fraud from the plaintiffs, and they bought from Barnard & Company to assist them in defrauding the plaintiffs, or even if they bought the goods to drive a hard bargain with Barnard & Company, they having such notice, this would be a fraud of such character as to void the sale and render the goods subject; but if the purchase by the defendants was a fair purchase, in the ordinary course of business, without notice of any fraud on the part of Barnard & Company, then they got a good title, and the property is theirs. The whole case turns upon the *bona fides* of the transaction, and this is to be determined from the testimony."

So far as the purchase of the goods by Barnard & Company of the plaintiffs being fraudulent there can be no doubt, according to the statement of facts disclosed in the record; but is there sufficient evidence in the record that the defendants had *notice* of that fraud at the time they purchased the goods from Barnard & Company, to have authorized the charge of the court in relation to that point in the case and the verdict of the jury in pursuance thereof? A title obtained by fraud, though voidable in the vendee, will be protected in a *bona fide* purchaser without notice: Code, sections 2640, 2650. Fraud is not to be presumed, but must be proved; but being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence. What is the evidence in the record going to show that the defendants had any knowledge whatever of the fraud of Barnard & Company in purchasing the sugar from the plaintiffs at the time they purchased the same from Barnard & Company? The only circumstance from which such knowledge is sought to be inferred, is that the defendants bought the sugar on arrival from Barnard & Com-

Kern & Loeb *vs.* Thurber & Company.

pany, who delivered it to them at defendant's store, they paying therefor the cost of the sugar in New York, which was about one cent per pound less than the cost of the sugar delivered in Columbus. Was this a circumstance from which fraud could be inferred so as to charge the defendants with a knowledge of the fraud of Barnard & Company in purchasing the sugar from the plaintiffs, the more especially as Barnard & Company were merchants in good credit and standing at the time? What is the evidence of fraud on the part of the defendants in regard to the purchase of the eleven barrels of sugar when closely examined and analyzed? Barnard & Company were merchants in Columbus, of good credit and standing, on the 24th day of April, 1875. On that day the defendants purchased of them eleven barrels of sugar, paying cash therefor at the New York price, at thirty and sixty days credit, which was about one cent per pound less than the cost of the sugar laid down in Columbus. It is quite probable that Barnard & Company may have intended to defraud the plaintiffs in making sale of the sugar, but the fact that the defendants purchased the sugar from them at the time and in the manner disclosed in the record, without more, does not, in our judgment, under the law, make out even a *prima facie* case of fraud against the defendants. A bare suspicion of fraud is not sufficient to charge a party with it and make him liable therefor under the law. The bare fact that the defendants purchased eleven barrels of sugar of Barnard & Company, on arrival in the city of Columbus, who at that time were merchants in good credit and standing, at the New York price, paying cash therefor, is not, without more, under the law, even *prima facie* evidence of fraud, and the court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.