## 3520. DEAN *v.* THE STATE.

Where several articles are stolen at one ·time, there is only one larceny, whether the ownership is in one person or in different persons. The State in such case may charge in one indictment the larceny of all the articles stolen, alleging ownership according to the fact. But after the thief has been indicted and·convicted of the larceny of any one of the articles the prosecution is exhausted, and he can not subsequently be indicted for the larceny of one of the articles embraced in the same larceny, and which the State chose to omit from the former indictment.

DECIDED JULY 25, 1911.

Indictment for larceny; from Decatur superior court—Judge Frank Park. May term, 1911.

*P. D. Rich,* for plaintiff in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.

HILL, C. J. The single question presented in this case for the decision of the court is whether a person who at the same time and place takes, steals, and carries away with the intent to steal five cows belonging ·to different owners, the larceny constituting but one transaction, can be indicted in separate indictments for five separate larcenies, or whether the indictment and conviction for larceny in stealing one of the cows, the property of a designated owner, would be a bar to subsequent indictment and prosecution for·the larceny of any of the other cows. In our opinion the indictment and conviction of the accused for the larceny of one of the cows, under the circumstances above stated, would be a bar to further prosecution for the larceny of any of the other cows stolen by him at the same time and from the same place and in the same transaction. Unquestionably the State could include in the same indictment the larceny of all five of the cows, alleging different ownership and a different value as to each cow. This would constitute but one offense, covering the one transaction, and would be sustained by proof that the accused stole any of the cows as charged therein. In *Lowe* v. *State,* 57 *Ga.* 172, it is held that an indictment for simple larceny for stealing two hogs at the same time and place, though alleging that one is the property of one person and the other of another, covers but one transaction and charges but one offense, and judgment thereon will not be arrested. In the case of *Tippins* v. *State,* 14 *Ga.* 422, it is held that while the thief may be tried in any county in which he may be ·found in posses-

sion of the stolen goods, a trial in one county will be a bar to a trial in another county. Mr. Bishop in his work on Criminal Law (2 Bishop's New Criminal Law, § 888) declares that "it is a plain doctrine of all our courts that, if in a single transaction more articles than one belonging to the same owner are stolen, the indictment may charge the larceny of the whole in one count. It is but one larceny. And, should the articles have different owners, most permit the allegation to be in the same way. But, whether the ownership is in one person or many, the indictment need include no more of the articles than the prosecuting power chooses." And in further discussing this subject he says: "In principle the wrong as a crime is to the public, not to the private owner. The thief ordinarily does not care, and often he does not know, whose are the things he is taking. And, though the indictment is required to set out the ownership, the purpose is simply identification of the articles. So that the State, empowered by law to elect in what form it will accuse a wrong-doer, can put all of one theft into a single count, or a part thereof, as it chooses. Still, where many articles are stolen at one time, there is only one theft, whether the ownership is in one person or many. And, after the thief has been in jeopardy for any part of the one larceny, the prosecution is exhausted, and he cannot be indicted for anything the State chooses to omit." And, further, "though the articles are not taken and carried away together, yet, if the taking is one continuous transaction, the larceny is one." And he cites many decisions to sustain the text. In a well-considered decision by the Supreme Court of Indiana (Furnace v. State, 153 Ind. 95, 54 N. E. 441) it is said: "We recognize no good reason to depart from what may be considered the great current of authority and hold the pleading in question bad when it can reasonably be said that it discloses that the larceny complained of was but a single act or transaction in violation of the law against larceny, although the property which is the subject of the crime belonged to several different persons. The particular ownership, as charged in the pleading, of the money stolen, did not give character to the act of stealing it, but was merely a part of the description of the particular crime charged to have been committed. The indictment charged but one offense against the State." Many authorities are cited in support of the decision. In that case the defendant was indicted for

stealing at the same time and place "$5 in money, the property of
Jane Engle, and $4.50 in money, the property of Samuel Engle,"
and the court held that the larceny, occurring at the same time and
place, constituted but a single transaction. In Hoiles *v.* United
States, 3 MacArthur (D. C.) 370 (36 Am. Rep. 106), the Federal
judge held that "for larceny of the goods of several at the same
time, there can be conviction and sentence but for a single offense."
The learned judge declared that it is a rule of criminal pleading that
where several articles of property are stolen at the same time and
place, the stealing constitutes but one offense, and should be so
charged in the indictment or information; it should be regarded as
a single act, and the result of one intention. Where the articles
are stolen at different times, they are different acts of larceny,
and may be charged as different offenses. "But it seems that if the
property of several persons, lying together in one bundle or chest,
upon the same table, or even in the same house, be stolen together
at one time, the value of the whole may be put together, for such
stealing is one entire felony." 2 Russell on Crimes, 177. In 1
Hale's Pleas of the Crown, 531, the author gives the following illus-
tration of the principle: "It seems to me that if at the same time
the thief steals goods of A. to the value of sixpence, goods of B. to
the value of sixpence, and goods of C. to the value of sixpence,
being, perchance, in one bundle, or upon a table, or in one shop,
this is grand larceny, because it is one entire felony, done at the
same time, though the persons had several properties." See, also,
to the same effect, 3 Chitty's Criminal Law, 959. While there is
some conflict among courts on this question, the text-writers do
not differ as to the principle announced above in the quotation
from Mr. Bishop's work on Criminal Law. And a large pre-
ponderance of the decisions of the courts is to the effect that the
larceny of articles belonging to different owners, if committed at
the same time and place, constitutes but one offense; and that while
the State can, if it chooses, include all these offenses in one indict-
ment, yet if it chooses to indict the thief for stealing only one of
the articles belonging to one of the owners, it can not subsequently
be allowed to indict for the larceny of any of the other articles
taken at the same time and in the same transaction, but which had
been omitted from the previous indictment. Here the plea of
autrefois convict clearly alleged that the accused had stolen at the

same time and place, as a part of the same transaction and constituting only one larceny, five cows belonging to different owners, and that he had been indicted and convicted for stealing one of the cows, and that this conviction was a bar to any further prosecution for the theft of any of the other cows which had been stolen at the same time, although belonging to different owners; and the demurrer admitted the truth of these allegations. In this State, where the "same-transaction test" is the rule for determining the question of jeopardy, we are clear that one larceny can not be divided into several because there were several owners of the goods stolen at the same time. To allow a separate prosecution in each case of distinct ownership would be to regard the larceny as simply a trespass against the individual owner, and not a trespass against the public law, and would be contrary to both the letter and the spirit of the constitutional guaranty. *Judgment reversed.*