## 48479. JOHNSON v. THE STATE.

EBERHARDT, Presiding Judge. Appellant was indicted and tried under a two-count indictment, the first count charging theft of a motor vehicle (moving van) (Criminal Code, § 26-1813) and the second count charging theft by taking its contents (household goods) (Criminal Code, § 26-1802), the indictment alleging that both the van and the contents thereof were the property of Horne Transfer and Storage, Inc. From a conviction and sentence on each count he now appeals. *Held:*

1. The thrust of enumerations of error 1, 4, 6-8, and 10, and the main contention on appeal, is that appellant was twice put in jeopardy for the same offense; that § 26-1802 (theft by taking) includes the offense of theft of a motor vehicle; that the legislature envisioned § 26-1813 as providing for punishment for

a particular offense rather than as creating a separate crime; that both thefts arose out of the same transaction; that the proper crime for which appellant should have been charged was theft by taking under § 26-1802; that conviction under both indictments violated Criminal Code, § 26-506 (a); and that the state has taken a single transaction and separated it into different components for purposes of indictment by multiple counts.

In regard to double jeopardy and former jeopardy cases, the Supreme Court stated in *Gee v. State,* 225 Ga. 669, 673 (171 SE2d 291): "This court in *Harris v. State,* 193 Ga. 109, 114 (17 SE2d 573, 147 ALR 980), pointed out that confusion exists in the decisions of this court with reference to the test for determining former jeopardy. In the *Harris* case this court defined the 'same evidence' test and the 'same transaction' test, and concluded that this court applied the same transaction test, although applying elements pertaining to the same evidence rule. The court held that 'in order for the transaction to be the same, it must be identical both as a matter of fact and as a matter of law.' "

The identity of fact question involved here presents no difficulty. The property taken was a moving van and its contents. Whether the contents were later unloaded is of no consequence, since the theft occurred when the van containing them was stolen with intent to deprive the owner of the contents. The problem we must face arises because appellant was indicted and convicted under count one (§ 26-1813) for theft of the motor vehicle, and in addition was indicted and convicted under count two (§ 26-1802) for theft of the household goods contained therein. The state, while conceding that it could not indict and try a defendant for separate counts of theft by taking for each item taken during the theft, nevertheless contends that theft of a motor vehicle under § 26-1813 is a separate and distinct offense and not included within § 26-1802, theft by taking. We now turn to this question which is presented by *Gee,* supra, and cases such as *Roberts v. State,* 228 Ga. 298 (185 SE2d 385) which also construe Criminal Code, § 26-506 (a).

Criminal Code, § 26-506 (a) provides that "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and

the other to prohibit a specific instance of such conduct."

The committee notes to this section state that "Section 26-506 gives an accused some protection from repeated prosecutions in those situations when the defense of double jeopardy is not available and yet the accused should not be worn down by multiple prosecutions arising from the same conduct."

2.(a) Is theft of a motor vehicle included within § 26-1802 prohibiting theft by taking? We must conclude that it is. That section provides that "A person commits theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is taken or appropriated." The van belonging to Horne Transfer and Storage, Inc., an agent of Allied Van Lines, is, of course, "property of another" as defined in § 26-1801. And it cannot be disputed that theft of a motor vehicle is included within § 26-1802 since the punishment section (§ 26-1812) provides that "A person convicted of violation of § 26-1802 [theft by taking] . . . shall be punished as for a misdemeanor except: (a) If the property which was the subject of the theft . . . *was an automobile or other motor vehicle,* by imprisonment for not less than one and not more than 10 years, or, in the discretion of the trial judge, as for a misdemeanor." (Emphasis supplied.) The only conclusion which can be reached, therefore, is that a defendant may be indicted and convicted under § 26-1802 for theft of a motor vehicle and punished as provided for in § 26-1812. This being the case, appellant could not also be indicted and convicted under § 26-1813 (theft of a motor vehicle) when the theft of the van and its contents constituted one transaction for which appellant could be lawfully indicted and convicted under § 26-1802 and sentenced under § 26-1812.

This is not to say that appellant could not have been indicted and convicted solely under § 26-1813 for the theft of the van. That section provides that "The theft of any motor vehicle . . . shall be a felony" and provides punishment for a first offender of not less than three nor more than seven years unless the jury recommends misdemeanor punishment. What cannot be done is to convict appellant under § 26-1813 for motor vehicle theft and also to convict him in another count for the same incident as theft by taking under § 26-1802. As pointed out above, theft of a motor vehicle is made a crime and punishable under § 26-1802,

and the theft of the van and its contents constituted *one transaction* with the result that conviction under § 26-1802 barred conviction under § 26-1813. Criminal Code, § 26-506 (a) (1). Cf. *Roberts v. State,* 228 Ga. 298, supra. "[T]he theft of several articles at one and the same time constitutes an indivisible offense, and a conviction or an acquittal of the larceny of any one or more of them is a bar to a subsequent prosecution for the larceny of the others." 22 CJS 735, Criminal Law, § 282. Accord: *Dean v. State,* 9 Ga. App. 571 (71 SE 932).

The defendant might have been indicted and convicted solely for his theft of the contents of the van under Code Ann. § 26-1802, but if that were done he could not also be convicted for the taking of the van, since it was all one transaction.

(b)   Code Ann. § 26-1802 (theft by taking) and § 26-1813 (motor vehicle theft) differ only in that the former is defined to prohibit a designated kind of conduct generally (theft of "any property") and the latter to prohibit a specific instance of such conduct (theft of a "motor vehicle"), so that conviction under § 26-1802 *in the circumstances* here barred conviction under § 26-1813 under the further prohibition found in § 26-506 (a) (2).

The trial court recognized the inherent problem in this case during its general charge and later in its charge on punishment: "Now, Count 1 in this indictment alleges that the defendant is guilty of the offense of theft of a motor vehicle. Now, a person commits theft by taking when he unlawfully takes any property of another with intention of depriving him, the other, of said property regardless of the manner in which said property is taken. Now, as applied to the offense of theft of a motor vehicle, the necessary ingredients are the same except that it must be a motor vehicle that is involved in the taking or that is — is the property which is taken," and "let me say this I know this man has a long record and—but I'm constraining this case to—fortunately, nothing was lost and I'm also constrained to view it as one offense in that it was all part of the same transaction."

Nevertheless, defendant was convicted and sentenced to serve five years on count 2 (theft by taking) and three years probation on count 1 (theft of a motor vehicle), to be served consecutively.

3. Since we have concluded that defendant should have been convicted and sentenced for only one crime of theft growing out of this same transaction, it is necessary now to determine the proper remedy to be afforded appellant. While it is his view that

the conviction and sentence on count 2 (theft of the contents) should be set aside as being barred by the conviction on count 1 (theft of the van), we take the contrary view. Since theft by taking includes automobile theft, rather than vice versa, and since automobile theft is a specific instance of the conduct prohibited by theft by taking, we conclude that the conviction and sentence for automobile theft under count 1 should be reversed with direction to set it aside as barred by conviction and sentence for theft by taking under count 2. *Roberts v. State,* 228 Ga. 298, supra. See also *Balkcom v. Defore,* 219 Ga. 641 (135 SE2d 425) and cits.; *Black v. State,* 113 Ga. App. 541 (79 SE 173) and cits.

4. Enumerations of error 2, 3 and 9 complain that the court erred in failing to charge the jury or otherwise make it known to them that a witness had been undergoing psychiatric examination and treatment at Central State Hospital. However, all that is available in the record is the subpoena which was served upon the witness at the hospital, and any information with regard to the condition of this witness appears to have been as available to defendant as to the State. The witness was available for cross examination, and any objection as to competency should have been raised below. Code § 38-1611. The trial court having charged generally as to the credibility of witnesses, the defendant should have requested a more particular charge as to the credibility of this witness if that was desired. *Griffin v. State,* 225 Ga. 209 (1) (166 SE2d 885); *Saxe v. State,* 112 Ga. App. 804 (146 SE2d 376).

5. Enumeration of error number 5 complains that the court erred in charging on admissions in that such a charge was not merited by the evidence. However, the evidence was sufficient to show that defendant hid on top of a wheel in one of the wheel wells up under the fender or body of the truck and did not come out until the truck was started up, although the officers had been shouting and shooting into the air to get any accomplices to come out. As appellant emerged he exclaimed to the officers, "You got me, man." The meaning of these words and the weight to be given them were properly left to the jury under a charge properly given as to admissions or inculpatory statements, and we find no error.

*Judgment as to Count 1 reversed with direction to set the conviction and sentence aside; affirmed as to Count 2. Stolz, J., concurs. Pannell, J., concurs in the judgment.*

Argued September 4, 1973 — Decided October 9, 1973 — Rehearing denied October 30, 1973 —

*Jones, Cork, Miller & Benton, Rufus D. Sams, III,* for appellant. *Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Walter J. Matthews,* for appellee.