## 50660. BRELAND v. THE STATE.

MARSHALL, Judge.

The appellant, Breland, appeals his conviction of motor vehicle theft (two counts), and theft by taking (one count), asserting four basic issues in seven separate enumerations of error: (1) that the offenses committed, if any, constitute only one crime, not three, (2) the testimony of an accomplice was not sufficiently corroborated, (3) a charge of "claim of right" should have been given, and (4) the jury was not informed of the bifurcated nature of the trial prior to its deliberations.

Breland was indicted, tried and convicted on two counts of theft of a motor vehicle and one count of theft by taking. The evidence showed that Breland drove two men to the Gulf Oil terminal in Bibb County at midnight on April 14, 1974. The two men had previously obtained keys to the terminal compound gate and to two tanker trucks therein from a Gulf Oil employee. Each man drove a truck out of the compound and drove to the Standard Transmission Company, a bailee of gasoline for Gulf Oil, where gas was stored in large tanks. The men had also

obtained keys to the pumps at that location, and proceeded to load the gas into the two trucks. Under cover of darkness, each man filled up his respective truck several times and made deliveries to various service stations around the City of Macon, prior arrangements having been made with the service station owners. At daybreak, the two trucks were abandoned beside the road by their drivers. There was testimony that Breland was present at one of the service stations where he directed one of the two men to pick up another load before daybreak. The evidence generally indicates that Breland, along with several others, planned and organized the entire operation. *Held:*

1. One of the appellant's enumerations of error is that the court erred in not compelling the state to elect on which of the three counts in the indictment it would proceed. The appellant's argument basically is twofold: that (a) the theft of both trucks constituted only a single crime, and (b) that single crime is one and the same with the theft of the gasoline.

(a) We conclude that the theft of the gasoline is not one and the same transaction as the theft of the trucks. The crime of motor vehicle theft was completed when the trucks were driven from the property of their owner (Criminal Code Ann. § 26-1813); the theft of the gasoline had not yet occurred. Even though both thefts were part of the same basic scheme, we cannot say that they were "one transaction" because they occurred at different times and at different locations. They do not constitute "multiple prosecutions for the same conduct" under the Criminal Code Ann. § 26-506 (a). Cf. *Johnson v. State,* 130 Ga. App. 134 (202 SE2d 525).

(b) However, the theft of the two trucks, taken from the same place at the same time from the same owner under the same circumstances, can only constitute one offense. See *Lowe v. State,* 57 Ga. 171; *Dean v. State,* 9 Ga. App. 571 (71 SE 932). As was said in *Dean,* supra, quoting from 2 Bishop's New Criminal Law, § 888, " '[I]t is a plain doctrine of all our courts that, if in a single transaction more articles than one belonging to the same owner are stolen, the indictment may charge the larceny of the whole in one count. It is but one larceny.' " Therefore the

conviction and sentence as to Count 2, which is a duplication of Count 1 except as to the identity of the trucks, is reversed and set aside, with direction to enter judgment in appellant's favor as to Count 2. See, e.g. *Johnson v. State,* supra, Division 3. However, because the appellant was sentenced to six years on each of the three counts, to run concurrently with each other, a new trial is not demanded.

2. Appellant's first three enumerations of error concern the general ground that there was insufficient evidence to support the conviction. His argument is that the only evidence of the defendant's complicity in any of the three offenses charged was the testimony of an accomplice, and that that testimony was uncorroborated by any other evidence. The accomplice witness was a co-indictee of the appellant (one of the drivers of the two trucks) who was tried separately. While the state's brief is deficient in pointing out any corroborating evidence, nevertheless, the transcript shows corroboration in the testimony of several of the service station owners. Their testimony, in effect, was that the appellant, Breland, contacted at least one of them prior to the night of the theft regarding their need for gasoline. In addition, after the delivery of the gasoline, these same witnesses testified as to the appellant's presence at their respective service stations inquiring as to the amount delivered, payment of the gasoline, or other related problems in its delivery. These corroborating circumstances are sufficient to lead to an inference that the larceny was committed by the appellant. See, e.g., *McPherson v. State,* 96 Ga. App. 839 (101 SE2d 750).

3. Appellant also contends that the court erred in not charging its sole defense — that of "honest claim of right" under Criminal Code, Ga. L. 1968, pp. 1249, 1293 (Code Ann. § 26-1810 (b)). That Code section provides: "It is an affirmative defense to prosecution for violation of sections 26-1802 [theft by taking] . . . that the actor: . . . (b) Acted under an honest claim of right to the property or service involved or under a right to acquire or dispose of it as he did; . . . " The appellant did not request such a charge. His testimony at the trial with reference to the gasoline was that he did not know that it was stolen and that he was

acting only as an intermediary helping to sell the gasoline for other persons.

The above quoted Code section has no equivalent under the old criminal code in Georgia. However, it has clearly been the law of Georgia that one cannot be guilty of larceny for having taken property under a fair or honest claim of right. See e.g., *Walker v. State,* 86 Ga. App. 875 (3) (72 SE2d 774); *Moyers v. State,* 186 Ga. 446 (197 SE 846) and cits. Here, the appellant's testimony does not amount to a claim that he honestly believed the trucks and gasoline were his own property or that he had a right to possession of same, but only that he was merely helping "move" gasoline that belonged to someone else and that he did not know it was stolen gasoline. Thus, his defense was not that of claim of right but was that of lack of intent, an element of the crimes charged which the state had the burden of proving and on which the trial judge properly instructed the jury.

4. Appellant also enumerates as error the failure of the trial judge to instruct the jury on the bifurcated nature of the trial before it retired to deliberate on the issue of the defendant's guilt or innocence. Code Ann. § 27-2534 does not require that such a preliminary instruction be given at that stage of the trial. Nothing in *Wilson v. State,* 233 Ga. 479 (8) (211 SE2d 757); or *McRoy v. State,* 131 Ga. App. 307 (8) (205 SE2d 445), makes an omission of such instruction reversible error.

*Judgment affirmed with directions as per Division 1. Bell, C. J., and Webb, J., concur.*

SUBMITTED MAY 6, 1975 — DECIDED JULY 16, 1975.

*Hugh Q. Wallace,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.