## 54223. HUMES v. THE STATE.

BIRDSONG, Judge.

The appellant Humes was indicted, tried, and convicted upon a charge of burglary at a bench trial. He was sentenced to serve twenty years. While there are four enumerations of error, each relates to the sufficiency of the evidence to sustain the conviction. *Held:*

The evidence in this case shows that a Woolworth's store was unlawfully entered during the nighttime and certain stereo equipment and jewelry unlawfully removed. The property was recovered and identified as belonging to Woolworth's and as having been unlawfully removed from the premises. Humes was apprehended within two blocks of the burglary and had glass in the soles of his shoes. Entry into the store had been obtained by breaking a plate glass window. Humes admitted possessing stereo equipment and jewelry, but asserted alternately that he had purchased the property from some unknown person on the street or had brought it from home.

When property alleged to be stolen is proven to be stolen property and the crime charged has been

committed by someone, the recent unexplained possession of the stolen property by the defendant is a circumstance from which guilt may be inferred. *Gilliard v. State,* 17 Ga. App. 364 (86 SE 939) (1915). From this, it may be inferred that the defendant charged committed the theft proven. This being so, no further proof, circumstantial or direct, showing that the appellant committed the burglary was necessary for conviction. *Selph v. State,* 142 Ga. App. 26, 29 (234 SE2d 831) (1977).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 7, 1977 — DECIDED SEPTEMBER 8, 1977.

*Eric Welch,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.