## 55057. METTS v. THE STATE.

Deen, Presiding Judge.

There is direct evidence in this case that the defendant and another called a taxi between 5 and 6 a.m. and directed them to an address which proved to be a wine store entrance next to a fish market and fronting on an alley behind a shopping center, for the purpose of picking up a package. The "package" proved to be approximately a carload of beer and wine. The driver refused, and, when offered a part of the wine, refused again and signaled his dispatcher who called the police. The passengers had no money to pay their fares. They were soon thereafter apprehended by police who, investigating the premises, found that the beer and wine had been removed from the package store and that holes had been made in the concrete from the alley to the fish market and through a wall connecting that establishment with the wine shop. Further, the men's jackets were covered with a grey dust. That of the co-defendant was examined in the crime laboratory and the dust identified as concrete of the same chemical consistency as that in the walls. The defendant appeals from a jury verdict of guilty of burglary.

1. Recent possession of stolen goods not satisfactorily explained is sufficient to authorize a verdict of guilty of burglary where the other elements of the crime are established. *Cameron v. State,* 111 Ga. App. 691 (143 SE2d 189). The testimony of the cab driver identifying the defendant and stating he was told the purpose of the call was to pick up what turned out to be the stolen goods was sufficient to authorize an inference that the cartons of wine and beer were in the constructive possession of the burglars who were returning for them. This plus the other evidence in the case authorized a conviction, the defendant contending only that he was not the person identified by the taxi driver as the one attempting to remove the cartons.

2. This conviction is supported by both direct and

594

circumstantial evidence. The instruction on the distinction between direct and circumstantial evidence in the language of Code § 38-102 was entirely proper.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 4, 1978 — DECIDED JANUARY 24, 1978.

*John Thomas Chason,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.