## 56628. DOWDY et al. v. THE STATE.

BIRDSONG, Judge.

The appellants bring this consolidated appeal from three separate jury convictions: two for commercial gambling and one for communicating gambling information. The record reveals that three grand jury indictments were returned against the appellants; No. P-45112 for the offense of communicating gambling information between November 18, 1977, and November 21, 1977; No. P-45114 for the offense of commercial gambling on November 19, 1977; and No. P-45115 for the offense of commercial gambling on November 20, 1977. Indictment No. P-45115 was tried first, and appellants moved to consolidate the trials as to all three indictments; the motion was denied, and appellants were convicted of the offense of commercial gambling. Thereafter, indictments No. P-45112 and No. P-45114 were jointly brought to trial; appellants moved to dismiss the indictments, arguing that this second trial was barred by Code Ann. § 26-506 (b) and by former jeopardy. The motion was denied, and appellants were convicted of both offenses charged in the indictments. Finally, on March 16, 1978, the trial court imposed sentences for all three convictions. Appellants were each sentenced to confinement for a period of five years on each indictment, with the provision that upon service of one year of the sentence the remaining four years would be served on probation. While the one year confinement periods of each sentence were ordered to be served concurrently, the four year probationary periods were ordered to be served consecutively, with the result that each appellant was sentenced to serve one year of imprisonment, followed by twelve years of probation. Varying fines were assessed against each appellant, and the trial court conditioned the appellants' probation upon the full payment of these fines. *Held:*

1. Appellants contend that the trial court erred in

overruling their motion to suppress evidence obtained via electronic telephone surveillance, or "wiretap." See Code Ann. § 26-3004. Essentially, the appellants argue that the "execution" of the wiretap rendered it illegal for the reason that surveillance was not terminated immediately upon the realization of the objectives sought in the petition for the investigation warrant which initially authorized the wiretap.

The record reveals that the affiant and petitioner, pursuant to Code Ann. § 26-3004, stated specific reasons for the "extent and scope" of the investigative warrant. The petitioner stated, in pertinent part: "The communications which are sought to be overheard and recorded are telephone conversations which will reveal the identity of persons who are betting and communicating gambling information which are [sic] in violation of Georgia law. . . The nature of this investigation is such that the authorization should not automatically terminate when the above described communication has been first obtained. This is due to the fact that additional time is necessary to identify as many [sic] if not all participants involved in this gambling operation; also because this is a continuing course of illegal conduct. . ." The appropriate superior court judge ordered that an investigation warrant be issued as requested for a period of twenty days, and the return of the warrant states that surveillance was maintained for only six days.

This court has held that "determination of the length of time necessary to accomplish the stated objective of the law enforcement authorities [is] within the sound discretion of the judge [issuing the investigative warrant]." *Morrow v. State,* 147 Ga. App. 395, 400 (6). Neither personal judicial supervision nor progress reports, absent judicial request, are required by either state or federal law. Id. In view of the continuing and complex nature of the crimes involved and the objectives sought by the petitioner, we find no abuse of discretion in the duration of the surveillance of the appellants. Accordingly, the trial court did not err in overruling appellants' motion to suppress.

2. The crimes for which the appellants were

convicted arose out of a continuing course of conduct. Nevertheless, the specific criminal transactions alleged in the indictments were separate and distinct offenses, occurring on different dates, and punishable as separate crimes. *Baxter v. State,* 134 Ga. App. 286 (4) (214 SE2d 578). Accordingly, the second trial was barred by neither Code Ann. §§ 26-506 and 26-507 nor a plea of former jeopardy, and the trial court did not err in overruling appellants' motion to dismiss indictments No. P-45112 and No. P-45114. *Morrow v. State,* supra; *Baxter v. State,* supra.

3. The trial court did not abuse its discretion in determining that "the interest of justice" was best served by trying indictment No. P-45115 separately from indictments No. P-45112 and No. P-45114. Code Ann. § 26-506 (c); *Henderson v. State,* 227 Ga. 68 (179 SE2d 76). See *Jarrell v. State,* 234 Ga. 410, 413 (216 SE2d 258).

4. As the offenses for which the appellants were convicted were legally separate and distinct, the offense of communicating gambling information was not included within the offense of commercial gambling. *Baxter v. State,* supra. Accordingly, there is no merit in appellants' argument that the trial court erred in sentencing for each offense.

5. The trial judge, in an extremely comprehensive and analytical order, noted the complex cultural and legal problems surrounding the crime of gambling as compounded by the difficulties encountered by law enforcement agents in enforcing the gambling laws. The trial judge correctly observed the sentencing provisions of Code Ann. § 26-2703: "A person convicted of commercial gambling shall be punished as a felony [sic], and shall be punished by imprisonment for not less that one nor more than five years, or by a fine not to exceed $20,000, or both."

Code Ann. § 26-2703, a statute of specific application, relates solely to the crime of commercial gambling, and is silent as to the probationary aspects of sentencing. Code Ann. § 27-2529, a statute of general application, pertains to *all* felonies for which probation is legally authorized and prohibits the imposition of a fine in excess of $2,000 as a condition to probation. The record discloses that the

sentences of appellants L. H. Clark and R. J. Clark were within the limits authorized by Code Ann. § 26-2703; however, the probationary aspects of their sentences were conditioned upon the payment of fines in excess of the limit per felony stipulated by Code Ann. § 27-2529. Accordingly, the sentences of appellants L. H. Clark and R. J. Clark are reversed for resentencing.

*Judgment reversed in part and affirmed in part with direction that defendants L. H. Clark and R. J. Clark be resentenced. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 10, 1978 — DECIDED NOVEMBER 7, 1978 — REHEARINGS DENIED NOVEMBER 28, 1978 AND DECEMBER 19, 1978—

*Thompson, Fox & Brinson, Robert B. Thompson, Sartain & Carey, Jack M. Carey,* for appellants.
*Jeff C. Wayne, District Attorney,* for appellee.