## 59300. THOMAS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was charged with the offenses of aggravated assault and criminal damage to property. He appeals from a conviction of the lesser included offenses of simple battery and criminal trespass. *Held:*

The defendant enumerates but one allegation of error. He was tried in superior court on Counts 1 and 2 of a five-count indictment. He had been tried previously for the other three offenses in magistrate's court. He contends all known offenses should have been tried in one trial because all offenses were a series of acts "constituting parts of a single scheme or plan" and the instant trial was barred by Code Ann. § 26-506 (CCG § 26-506; Ga. L. 1968, pp. 1249, 1267). Code Ann. § 26-506 (b) provides in part: "If the several crimes arising from the same conduct are known

to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . ." We find the five counts of the indictment did not arise from the "same conduct."

The defendant and another man became involved in a scuffle. The other man departed in his car after the fight. The defendant testified: "He left and so I then left and went to the Varsity and got a hot dog and came back. I picked up my wife and kid and I could see or [sic] I then proceeded to leave. When I was going out the intersection the law put on its red light." At this point defendant attempted to avoid apprehension by the police. This latter incident resulted in charges of driving under the influence, reckless driving, and attempting to elude a police officer. It was these offenses that defendant entered pleas of guilty in the Athens-Clarke County magistrate's court. The defendant testified he was gone "[f]ifteen or twenty minutes" when he went to the Varsity.

The issue here is not whether the judge abused his discretion in permitting separate trials of a defendant who commits more than one offense in a continuing course of conduct (see *Mathis v. State,* 231 Ga. 401, 402 (202 SE2d 73)), but whether all known offenses arose from the "same conduct" whereby they are required to be tried at the same time if known to the prosecutor and they are within the jurisdiction of the court. The Supreme Court has held that "[e]ach case must be determined on its own facts . . ." *Booker v. State,* 231 Ga. 598, 599 (203 SE2d 194). Although all the offenses were charged in the same indictment and occurred on the same date, the offenses charged in the instant case — Counts 1 and 2, were grouped together and completed before the second group of offenses were committed — those charged in Counts 3, 4, and 5. There was a hiatus of fifteen to twenty minutes between the first group of offenses and those of the second group to which he plead guilty in magistrate's court. In addition, the situs was different, the persons involved were different, and the elements of the offenses were different. See *Breland v. State,* 135 Ga. App. 478 (1) (218 SE2d 153); *Ealey v. State,* 139 Ga. App. 604, 605 (229 SE2d 86); *Dowdy v. State,* 148 Ga. App. 498, 500 (251 SE2d 571). Because of these factors

the multiple prosecutions are not for the "same conduct" and not violative of Code Ann. § 26-506. The enumeration is without merit. See also: *State v. Burroughs,* 244 Ga. 288 (1) (260 SE2d 5).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED JANUARY 31, 1980.

*Vicki C. Affleck, Jack H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.