### 60278. WILLIAMSON v. THE STATE.

SMITH, Judge.

Appellant was convicted of burglary. He contends the evidence was insufficient to support the verdict. In addition, he asserts that the trial court erred in failing to instruct the jury on the offense of theft by taking and in giving an "unduly coercive" charge. We affirm.

1. The evidence was sufficient to establish beyond a reasonable doubt that, several hours after the burglary, appellant was in possession of items taken from the victim's apartment. In *Humes v. State,* 143 Ga. App. 229, 229-230 (237 SE2d 704) (1977), it was held: "When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by the defendant is a circumstance from which guilt may be inferred. *Gilliard v. State,* 17 Ga. App. 364 (86 SE 939) (1915). From this, it may be inferred that the defendant charged committed the theft proven. This being so, no further proof, circumstantial or direct, showing that the appellant

committed the burglary was necessary for conviction. *Selph v. State,* 142 Ga. App. 26, 29 (234 SE2d 831) (1977)." This rule of law is supported by a substantial number of cases, including the recent case of *Rakestraw v. State,* 155 Ga. App. 563 (1980). See *Metts v. State,* 144 Ga. App. 593 (241 SE2d 476) (1978); *Rutledge v. State,* 142 Ga. App. 399 (236 SE2d 143) (1977); see also *Dorsey v. State,* 239 Ga. 564 (238 SE2d 98) (1977); *Thomas v. State,* 237 Ga. 690 (229 SE2d 458) (1976). While the writer has grave doubts as to whether the rule of law set forth in *Humes v. State,* supra, survives the United States Supreme Court's holding in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), it appears to be the settled law of this state, and any reexamination thereof must await a review by our state Supreme Court.

Although appellant offered an explanation of his possession of the stolen property, " '[i]t was within the jury's province to believe that appellant's explanation of his possession ... was not a reasonable or satisfactory one. See *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582).' *Evans v. State,* 138 Ga. App. 460 (1) (226 SE2d 303) ... [T]he enumerations of error on the general grounds must fail." *Rutledge v. State,* supra at 400-401.

2. Appellant contends the trial court erred in failing to charge on "the lesser offense of theft by taking." However, assuming arguendo that theft by taking may be a lesser included offense of burglary as a matter of fact (see *Lockett v. State,* 153 Ga. App. 569, 570 (266 SE2d 236) (1980)), the trial court's "failure to [charge] ... without a written request by the state or the accused, is not error." *State v. Stonaker,* 236 Ga. 1, 3 (222 SE2d 354) (1976).

3. Appellant complains of the following charges: "In this case you will have two choices and your verdict will be we, the jury, find the defendant guilty or we, the jury, find the defendant not guilty. Those are the only two choices you have in this matter ... Your two choices again are either we, the jury, find the defendant not guilty or we, the jury, find the defendant guilty." He contends these instructions are "tantamount to an instruction that the jury 'must' return one of the alternative verdicts charged" and could lead an individual juror "to surrender his honest opinion for that of the majority." However, in view of the entire charge, we find no reversible error. See *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166) (1974). We are not here concerned with a so-called "Allen-charge," as was the case in *Willingham v. State,* 134 Ga. App. 603, 605 (215 SE2d 521) (1975), and appellant's reliance upon this authority is therefore misplaced.

*Judgment affirmed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

SUBMITTED JULY 2, 1980 — DECIDED NOVEMBER 26, 1980 —

Charles S. Thornton, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, for appellee.