64563, 64679. DRIGGERS v. THE STATE (two cases).

QUILLIAN, Chief Judge.

These are separate appeals by two defendants (brothers) who were tried together. In case 64563 the defendant appeals his conviction for burglary. In case 64679, his co-defendant appeals his conviction for burglary and escape. *Held:*

In each case there is but one enumeration of error, to wit — that a directed verdict for the defendant should have been granted since the evidence failed to show the defendant entered the burglarized premises. See Code Ann. § 26-1601 (CCG § 26-1601, Ga. L. 1968, pp. 1249, 1287, p. 895; as amended through Ga. L. 1980, p. 770).

In this case the proof adduced at the trial was that certain items were unlawfully taken from within the victim's dwelling and were

later found in the defendants' possession. "When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by the defendant is a circumstance from which guilt may be inferred." *Humes v. State,* 143 Ga. App. 229 (237 SE2d 704). The contention that such evidence does not show the defendant committed the burglary has been rejected by *Selph v. State,* 142 Ga. App. 26, 28-29 (234 SE2d 831), which disapproved the language of *Bennett v. State,* 136 Ga. App. 806 (222 SE2d 207). See *Wells v. State,* 151 Ga. App. 416 (1) (260 SE2d 374) (overruled as to Division 7 by *Copeland v. State,* 160 Ga. App. 786, 789 (287 SE2d 120)); *Porter v. State,* 155 Ga. App. 883 (273 SE2d 644); *Brown v. State,* 157 Ga. App. 473, 474 (1) (278 SE2d 31); *Bankston v. State,* 159 Ga. App. 342, 343 (4) (283 SE2d 319).

The recent Supreme Court decision of *Williamson v. State,* 248 Ga. 47 (281 SE2d 512), which affirmed our decision in *Williamson v. State,* 156 Ga. App. 615 (275 SE2d 699), considered this matter with regard to the principles of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) and Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), their predecessors and progeny, and determined the present viability of the inference of guilt resulting from proof 1) that the goods in the accused's possession were recently stolen and 2) that someone committed the crime. The court pointed out that where there is no satisfactory explanation of defendant's possession (as determined by the jury) then proof of the above facts beyond a reasonable doubt created a permissible inference of defendant's guilt which is sufficient to authorize a conviction within the requirements of Jackson v. Virginia, 443 U. S. 307, supra.

We, therefore, hold the evidence did not demand a finding for the defendants and the trial judge did not err in denying each of the defendant's motions for directed verdict.

*Judgments affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 29, 1982.

*Walter E. Van Heiningen,* for appellants.
*H. Lamar Cole, District Attorney, Jim Hardy, Assistant District Attorney,* for appellee.