## 66400. JONES v. THE STATE.

POPE, Judge.

At approximately 1:00 a.m. on March 22, 1981, appellant was stopped by a Gilmer County deputy sheriff because the car driven by appellant was weaving. The vehicle also matched the description of one which had been spotted in the vicinity of two burglaries committed on March 20, 1981 in Gilmer County. Smelling alcohol on appellant's breath, the deputy placed appellant under arrest so that a chemical test could be administered to determine the alcohol content of his blood. During the course of a subsequent pat-down search, the deputy found a .22 caliber derringer pistol in appellant's pocket. Through radio communication with the sheriff's office, the deputy then learned that, although he was dressed in civilian clothes, appellant was an escaped inmate from the Gilmer County Correctional Institute and that the car was not registered in appellant's name. At trial, the deputy further testified that he feared appellant had commandeered the vehicle and had locked the driver inside the trunk. The deputy had also been informed that the back-up officers he had requested by radio would be approximately twenty to thirty minutes in arriving at the scene. With appellant seated inside the police car, the deputy opened the trunk of the car driven by appellant, discovering within it items similar to those stolen during recent burglaries in the area. Appellant appeals from his conviction for five counts of burglary.

1. Appellant first enumerates as error the denial of his motion to suppress evidence found in the warrantless search of the car's trunk.

Under the facts of this case, we find that the stop of appellant's vehicle and his subsequent arrest were based upon probable cause. See *Stoker v. State,* 153 Ga. App. 871 (1) (267 SE2d 295) (1980); see also *State v. Williams,* 156 Ga. App. 813 (275 SE2d 133) (1980). "It is settled law that an officer at the time of a lawful custodial arrest may, without a warrant, make a full search of the person of the accused [cit.], a limited area within the control of the person arrested [cit.], and of an automobile in his possession at the scene of the arrest for the discovery and preservation of criminal evidence [cits.]." *Williams v. State,* 150 Ga. App. 852 (1) (258 SE2d 659) (1979).

The warrantless search of the vehicle is justified not only as one made incident to a valid arrest, but also as one based upon probable cause. See *Newman v. State,* 237 Ga. 376 (2) (228 SE2d 790) (1976); see also Chambers v. Maroney, 399 U. S. 42, 49 (90 SC 1975, 26 LE2d 419) (1970). At the time he opened the trunk, the deputy knew that the car was not registered to appellant, nor was the listed registrant a passenger in the car. More important was the knowledge that appellant was an armed escaped convicted who had been drinking. The deputy's stated suspicion that appellant had abducted the owner by forcing him or her into the trunk is not unreasonable under these circumstances. " '(The right to search and the validity of the seizure) are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' Carroll v. [United States], 267 U. S. 132, 158 [(45 SC 280, 69 LE 543) (1925)]." *State v. Bradley,* 138 Ga. App. 800, 803 (227 SE2d 776) (1976). We find such reasonable cause and exigent circumstances to have been created so as to justify the warrantless search of the vehicle's trunk. This is true even though appellant was seated in the police car at the time of the search. See *Williams v. State,* supra at (1). Appellant's first enumeration of error is without merit.

2. Appellant next enumerates as error the failure of the trial court to grant his motion for new trial. Raising the general grounds, appellant asserts a paucity of proof to connect him with the five burglaries which were committed between early February and March 20, 1981. This court has, however, recently addressed this argument in *Driggers v. State,* 164 Ga. App. 188 (296 SE2d 780) (1982). As in *Driggers,* "the proof adduced at the trial was that certain items were unlawfully taken from within the [victims' dwellings] and were later found in [appellant's] possession. 'When property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by the [appellant] is a circumstance from which guilt may be inferred.' *Humes v. State,* 143 Ga. App. 229 (237 SE2d 704) [1977]." Id. Under the opinion in *Driggers,* such inference is

sufficient to authorize a conviction within the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Moreover, although appellant denied committing any of the burglaries with which he was charged, a review of the record reveals that the state produced evidence sufficient to support the verdict. Evidence was presented to show that appellant, a trusty of the Correctional Institute, was in charge of a hog farm located behind the Correctional Institute. He was loosely supervised while on the hog lot and was allowed substantial freedom to come and go from the lot. In violation of the rules, appellant kept the car in which the stolen items were discovered parked at a location within walking distance of the lot and he had left the premises to use it on several previous occasions. A search of the hog lot following appellant's arrest revealed civilian clothes hidden by appellant in and on the lot, as well as a leather gun holster later identified as one stolen in a previous burglary.

We note that the trial court correctly charged the jury on the points argued by appellant in support of his claims of error: circumstantial evidence, possession of recently stolen goods, and alibi. "The rule as to the sufficiency of circumstantial evidence to support a conviction is that the evidence exclude every reasonable hypothesis except that of guilt, not that it [remove] every possibility of the innocence of the defendant. [Cits.] Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed. [Cit.] The conflicting evidence in this case was presented to the jury and the jury resolved that conflict adversely to the appellant. There being support for that determination by the jury we will not disturb the jury's verdict on that ground." *Barfield v. State,* 160 Ga. App. 228, 230-1 (286 SE2d 516) (1981).

3. By supplemental briefs submitted by appellant pro se, additional enumerations of error are raised. In those enumerations not previously addressed in Divisions 1 and 2, we find no error.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 19, 1983.

*Roger G. Queen,* for appellant.

*Rafe Banks III, District Attorney, Garry T. Moss, Assistant District Attorney,* for appellee.