## 66997. HUBBARD v. THE STATE.

Deen, Presiding Judge.

Harold Hubbard appeals following his conviction of two counts of theft by taking, asserting the general grounds and contending that the two counts of theft by taking should have been merged because they arose out of the same transaction.

1. The general grounds are without merit. The evidence showed that Billy Howell Ford was illegally entered and certain items were removed. Appellant was arrested while driving an automobile owned by Kirby Cox which had been stolen from the service department of the Ford dealership, and other items stolen from the dealership,

including a stereo, checkwriter and all the keys to the used cars, which were found inside. The appellant claimed he had borrowed the car from a friend at the poolhall in Cumming. The officer testified that he arrested appellant after hearing his explanation of possession of the vehicle because he knew that the poolhall had burned the year before.

Recent unexplained possession of stolen property by a defendant is a sufficient circumstance from which guilt may be inferred. *Driggers v. State,* 164 Ga. App. 188 (296 SE2d 780) (1982). The evidence presented was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. OCGA § 16-8-2 (Code Ann. § 26-1802) provides: "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." The court in *Maxwell v. State,* 152 Ga. App. 776, 779 (264 SE2d 254) (1979), relying upon Bell v. United States, 349 U. S. 81 (75 SC 620, 99 LE 905) (1955), held that "unless otherwise provided by statute, a defendant convicted under an indictment charging two or more distinct offenses may be punished for both or all, if each offense requires proof of some fact or element not required to establish the other offense. However, for separate offenses charged in one indictment to carry separate punishments, they must rest on distinct criminal acts. *If they were committed at the same time and place and parts of a continuous criminal act,* and inspired by the same criminal intent, they are susceptible of only one punishment." Where several articles are stolen at the same time, the defendant has committed only one offense, whether one or more persons owns the articles. *Dean v. State,* 9 Ga. App. 571 (71 SE 932) (1911). See also *Breland v. State,* 135 Ga. App. 478 (218 SE2d 153) (1975).

In the instant case, the evidence shows that the various items and the automobile were all stolen from the premises of the Ford dealership at approximately the same time as part of a continuous criminal act. Although the automobile was located on a different part of the premises from the other items, there is no evidence to indicate that the theft of all the items was other than a single transaction. Motor vehicle theft is not a separate crime from the general theft statute. *Searcy v. State,* 162 Ga. App. 695 (291 SE2d 557) (1982). Accordingly, we find that the conviction and sentence on Count 2 (theft of the stereo, checkwriter and keys) is a duplication of Count 1 (theft of a motor vehicle), and the conviction and sentence as to Count 2 is reversed and set aside with direction to enter a judgment in

appellant's favor as to that count.

*Affirmed in part with direction as required by Division 2. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 7, 1983.

*Debra K. Greeson,* for appellant.

*Rafe Banks III, District Attorney, Garry T. Moss, Assistant District Attorney,* for appellee.