68122. WATTS v. THE STATE.

DEEN, Presiding Judge.

Charles Watts appeals from his conviction of burglary asserting four enumerations of error.

1. Watts contends the trial court erred in overruling his request to have arraignment and argument on his motions and demurrers reported.

Under OCGA § 5-6-41 (a) (Code Ann. § 6-805): "In all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in Code Section 17-8-5 or as otherwise provided by law." Subsection (d) requires "[w]here a *trial* in any civil or criminal case is reported by a court reporter, all motions, colloquies, objections, rulings, evidence, . . . copies or summaries of all documentary evidence, the charge of the court, and all other proceedings which may be called in question on appeal or other posttrial procedure shall be reported . . ." (Emphasis supplied.)

OCGA § 5-6-41 (Code Ann. § 6-805) requires the transcription of all proceedings in a felony case except the argument of counsel. *Brown v. State*, 242 Ga. 602 (250 SE2d 491) (1978); *Aiken v. State*, 226 Ga. 840 (178 SE2d 202) (1970). A defendant in a felony case is entitled to have voir dire reported and transcribed. *Graham v. State*, 153 Ga. App. 658 (266 SE2d 316) (1980). As appellant's motions were reargued on the record and he has failed to show how any harm resulted from the court's initial refusal to have argument on his motions

recorded by a court reporter, the refusal cannot be considered as error. *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966); *McKenney v. State*, 163 Ga. App. 545, 546 (295 SE2d 217) (1982).

Under OCGA §§ 17-7-93, 17-7-94 (Code Ann. §§ 27-1404, 27-1405), arraignment consists of reading the indictment to the prisoner and asking him to enter his plea in open court. The plea is then entered upon the minutes of the court. In the present case, the record indicates that the defendant entered a plea of "not guilty" to the charge contained in the indictment. In the absence of an allegation and showing of harm in not having his plea recorded by a court reporter, we find no harm.

2. Appellant claims that the trial court erred in overruling his written motion for production of evidence favorable to him and for any statements he made while in custody. In his brief, he argues that more than ten days prior to trial he filed a "Brady" motion requesting all evidence favorable to him and "all copies, record, memoranda or summaries of confessions, statements, or admissions of the defendant, either oral or written."

At trial, the assistant district attorney stated in his place that the evidence complained of was not exculpatory. Appellant's contention that the trial court was required to conduct an in camera inspection of the file is without merit. This motion, which requests production of all information favorable to him, is only a general and not a specific Brady motion. (The other requested materials cannot be reached by a Brady motion for the reasons stated below.) After the state responded to the general motion by stating that nothing exculpatory was contained in the defendant's file, the defense did not ask the court to conduct an in camera inspection. In the absence of such a request, the court is not required to conduct an independent examination of the state's file. *Tribble v. State*, 248 Ga. 274, 275 (280 SE2d 352) (1981).

"A Brady motion . . . calls for the production of exculpatory evidence which is known to the prosecution but unknown to the defense. Thus, a Brady motion does not reach the defendant's own statements made prior to trial, as they are known to the defense. *Cunningham v. State*, 248 Ga. 558 (6) (284 SE2d 390) (1981)." *McCarty v. State*, 249 Ga. 618, 620 (292 SE2d 700) (1982). The right to obtain copies of statements made by a defendant prior to trial exists under OCGA § 17-7-210 (Code Ann. § 27-1302). "To constitute a request for discovery under § 27-1302, a pleading must either make specific reference to § 27-1302, or make it clear that written copies of the defendant's own statements are to be furnished to the defense at least ten days prior to trial." Id. See also *State v. Meminger*, 249 Ga. 561 (292 SE2d 681) (1982); *State v. Madigan*, 249 Ga. 571 (292 SE2d 406) (1982). None of the discovery motions filed by the defendant refer to OCGA § 17-7-210 (Code Ann. § 27-1302) or request that the information be pro-

vided ten days prior to trial. Although the defendant filed a "Notice to Produce" in reliance upon Code Ann. § 38-801 (presently OCGA § 24-10-26), this motion, when filed in a criminal case calls for the production of inculpatory physical evidence at trial or a hearing and does not require the production of the evidence ten days before trial. *State v. Madigan*, supra at 573. In this enumeration of error, however, appellant contends he was erroneously denied access to exculpatory material and we find no merit in his argument.

3. The trial court did not err in charging the jury that recent unexplained possession of stolen property is a circumstance for the jury to consider during their deliberations. *Hubbard v. State*, 168 Ga. App. 778 (310 SE2d 556) (1983); *Driggers v. State*, 164 Ga. App. 188 (296 SE2d 780) (1982).

4. An appellate court does not consider the weight of the evidence; it only determines whether the evidence was sufficient to support the conviction. *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131) (1976). We have reviewed the transcript of the evidence and find that the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1984.

*William O. Green, Jr., David L. Capps, Barry Price*, for appellant.

*Frank C. Winn, District Attorney, David McDade, Assistant District Attorney*, for appellee.