## A00A1291. SLEDGE v. THE STATE.
(537 SE2d 753)

BARNES, Judge.

Carlos Angelo Sledge, pro se, appeals from the trial court's refusal to consider his motion to modify his sentence based upon the trial court's determination that it had no jurisdiction over the motion. For reasons that follow, we affirm.

The record shows that Sledge pled guilty in June 1995 to three counts of entering an automobile. The trial court probated nearly all of the sentence, sentencing Sledge to fifteen years on probation, five years on each of the three counts to run consecutively, provided that Sledge serve sixty to 120 days in detention. While on probation, Sledge committed a robbery and entered a guilty plea to that crime. On November 6, 1997, after giving Sledge credit for time served, the trial court revoked the remainder of the probated sentence.

Approximately two years later, Sledge filed a pro se motion to modify the sentence, asserting that his original sentence was unlawful because his three convictions for entering an automobile merged under the authority of *Breland v. State*, 135 Ga. App. 478, 479 (1) (b) (218 SE2d 153) (1975). The trial court denied the motion, finding that because the original sentence had been entered on June 19, 1995, the court no longer had jurisdiction.

On appeal, Sledge asserts the trial court retained jurisdiction to modify his original sentence because it was invalid and void. In a criminal case, the inherent power of a trial court to modify, suspend, or vacate a judgment ceases at the end of the term in which it is rendered. *Pledger v. State*, 193 Ga. App. 588, 589 (2) (a) (388 SE2d 425) (1989). But if the original sentence is void, then a trial court may impose a new and valid sentence at any time. *Gonzales v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991). A sentence is void if it imposes punishment not permitted by law. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991); *Penney v. State*, 236 Ga. App. 442 (511 SE2d 275) (1999). In *Kinney v. State*, 234 Ga. App. 5, 7 (2) (505 SE2d 553) (1998), we stated that "a trial court is without subject matter jurisdiction to sentence on an offense that has merged into another offense as a matter of law and/or fact. Such a sentence would be a mere nullity because the conviction on a merged offense is against the law." Thus, if Sledge is correct that his convictions merged, the trial court would have had jurisdiction to modify his sentence.

In *Breland*, supra, we held that the theft of two trucks, "taken from the same place at the same time from the same owner under the same circumstances, can only constitute one offense." 135 Ga. App. at 479. In this case, Sledge was not charged with theft, but instead with entering an automobile. Because theft by taking is defined differ-

ently from entering an automobile, *Breland* does not control the outcome of this case.

> A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates *any property of another* with the intention of depriving him of the property, regardless of the manner in which said property is taken or appropriated.

(Emphasis supplied.) OCGA § 16-8-2.[1] Since "property of another" is statutorily defined as "property in which any person other than the accused has an interest," OCGA § 16-8-1 (3),[2] theft of more than one item from a single owner in a single transaction is but one offense. *Breland*, 135 Ga. App. at 479.

Because the definition of entering an automobile is *not* defined by reference to property of another,[3] entering more than one automobile owned by the same person can support multiple convictions. As a result, Sledge's convictions for entering three automobiles owned by the same person did not merge, his sentence was not void, and the trial court, therefore, correctly concluded that it lacked jurisdiction to modify Sledge's sentence.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JULY 24, 2000 —
RECONSIDERATION DENIED AUGUST 8, 2000 

Carlos Sledge, *pro se.*
*Charles H. Weston, District Attorney, Howard Z. Simms, Assistant District Attorney,* for appellee.

---

[1] See also Ga. Code Ann. § 26-1802 (a), which is the version of this statute in effect at the time *Breland* was decided.

[2] See also Ga. Code Ann. § 26-1801 (c), which is the version of this statute in effect at the time *Breland* was decided.

[3] "If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony. . . ." OCGA § 16-8-18.