46192.   KNOWLES v. THE STATE.

PANNELL, Judge. 1. While an affidavit that the affiants have received reliable information from a creditable person and do believe that certain illegal acts have been committed and that a certain person or persons are in possession of the fruits of such illegal act is not sufficient to show probable cause for the issuance of a search warrant (*Carson v. State,* 221 Ga. 299, 304 (144 SE2d 384); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723)), and "although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [articles] were where he claimed they were. . . Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate' as the Constitution requires, but instead, by a police officer. . ." Aguilar v. Texas, 378 U. S. 108, 114, supra; yet, where, as in the present case, the underlying circumstances on which the warrant is sought and upon which the informant concluded the stolen articles sought were where he claimed them to be is disclosed in the affidavit, the fact that the circumstances involved hearsay information is immaterial so long as the information was sufficient to show probable cause for the issuance of the warrant. The trial court did not err in refusing to suppress the evidence obtained by the search.

2. Where, upon the execution of a search warrant authorizing the search of the person, premises and automobiles of the defendant for described stolen items, the defendant, prior to his arrest, upon being asked where the keys to his automobile were, replied that his brother had them, and the keys subsequently on search of the defendant's person were found in defendant's pocket and the stolen items found in the trunk of his automobile, at which point he was advised of his constitutional rights, testimony by the officers as to defendant's statement that his brother had the keys was not inadmissible as being an admission obtained in violation of the ruling in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974).

3. The trial judge charged the jury: "I charge you that if you find from the evidence that a burglary was committed as charged in this indictment and reasonably after such burglary this defendant was found in possession of some of the articles stolen as a result of said burglary that belonged to Mr. Williams that would be a circumstance which you would be authorized to convict him of the offense of burglary unless he makes an explanation of his possession of the stolen goods consistent with his innocence in your opinion all of which you are to be the judge." This charge was not subject to the objection that it amounted to a charge that the jury could find the defendant guilty of burglary based on possession of the stolen articles alone without proof of unlawful entry. The trial court had previously given the jury the definition of burglary as contained in Criminal Code § 26-1601.

4. The evidence in the present case fails to show an unlawful or unauthorized entry so as to constitute the crime of burglary. The only evidence showing any entry by the defendant shows an authorized entry and that on that occasion he left and the stolen property was not in his possession. That at the time the goods were stolen an unauthorized entry was made cannot be inferred from the defendant's recent possession of the stolen goods. *Lester v. State,* 106 Ga. 371 (32 SE 335). The defendant's conviction of burglary was not authorized by the evidence. The trial court erred in overruling the motion for new trial on the general grounds.

5. Enumerations of error not herein dealt with are without merit.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

SUBMITTED MAY 3, 1971—DECIDED SEPTEMBER 7, 1971.

*Cook & Palmour, A. Cecil Palmour,* for appellant.