## 51419. BENNETT v. THE STATE.

STOLZ, Judge.

Jimmy Clayton Bennett was indicted and tried for burglary of a 38-caliber revolver from a motor vehicle. This is an appeal from his conviction for said offense. *Held:*

A person commits the offense of burglary from a motor vehicle when, without authority and with intent to commit a felony therein, he enters or remains in said motor vehicle. Code Ann. § 26-1601. In the instant case, the state's evidence was that an unknown person had entered the pickup truck and had taken the revolver from it. Shortly thereafter, the defendant sold the revolver to an acquaintance, despite initial protestations of a companion who claimed that the gun was hers.

The state's evidence fails to show that the defendant had unlawfully entered the truck and removed the gun therefrom. The only evidence connecting the defendant to this burglary is that later that day or the following day, the defendant had the gun which his companion claimed to own in his possession and sold it to a third party. An unauthorized entry by the defendant into the pickup truck cannot be proved nor inferred simply from recent possession of the stolen revolver. *Knowles v. State,* 124 Ga. App. 377 (183 SE2d 617). Although it is normally not error to refuse to direct a verdict in a criminal case, where the state fails to establish the elements of the offense for which the defendant is being tried, a verdict of acquittal is demanded. Code Ann. § 27-1802. Hence, it was error to deny the defendant's motion for a directed verdict.

Since this case will not be retried, it is unnecessary to consider the other enumerations of error. Code Ann. § 26-507; *Marchman v. State,* 234 Ga. 40 (215 SE2d 467).

*Judgment reversed. Deen, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED OCTOBER 29, 1975 — DECIDED
DECEMBER 1, 1975.

*William I. Sykes, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.