## 53375. SELPH v. THE STATE.

SMITH, Judge.
Bobby Lee Selph appeals his conviction by jury in the trial court for burglary and sentence of 12 years, the last 4 on probation. His grounds are as follows: (1) the verdict was unauthorized; (2) the court failed to direct a verdict in his favor; and (3) the court's charge on flight. We affirm.
Two police officers in Macon, Georgia noticed Selph with a motorcycle and blue helmet. It was approximately

1:55 a.m. and he was parked on the sidewalk. An investigation showed the motor was cold. Selph displayed his driver's license, gave his address and explained he was out of gas and his brother-in-law had gone to a Fina station to get some. Later the officers reported this motorcycle and were informed it belonged to another party, not Selph. After leaving Selph, the officers passed a Fina station about 2 blocks from where they had talked to Selph and noticed a broken pane of glass in a bay door. Upon opening the door, motorcycle tracks were discovered on the floor where it had passed through a puddle of water. The operator testified that he locked up at 6 p.m. and the motorcycle and helmet described by the officers were locked inside. He also stated that Selph had operated the station in the past, had been around the station several times that day and was given a ride home that night by the operator after closing. Upon learning these things, officers went back to the place where they first saw Selph and the motorcycle. Selph was gone, the blue helmet was found on a vacant lot about 20 feet away and the motorcycle was about 100 yards from where Selph and the officers first met. Upon investigation, it was found that the address given by Selph was false; however, he was arrested later at the place where he and his wife lived. The owner of the motorcycle identified it and the helmet, stated that the key was in the switch and it was hard to crank. There was evidence the vehicle had been pushed some distance. Selph offered no explanation for the possession of the motorcycle and helmet. He claimed misidentification and alibi. However, his evidence of alibi did not exclude his presence at the scene of the crime or the spot where the officers saw him with the motorcycle.

1. Appellant contends there was no evidence showing an unauthorized entry by him of the burglarized service station, and in the absence of such proof the evidence was insufficient to convict him of burglary, relying on Bennett v. State, 136 Ga. App. 806 (222 SE2d 207). We quote the facts and the ruling in that case, emphasizing the language relied upon by the appellant. "Jimmy Clayton Bennett was indicted and tried for burglary of a 38-caliber revolver from a motor vehicle. This is an appeal from his conviction for said offense.

*Held:*

"A person commits the offense of burglary from a motor vehicle when, without authority and with intent to commit a felony therein, he enters or remains in said motor vehicle. Code Ann. § 26-1601. In the instant case, the state's evidence was that an unknown person had entered the pickup truck and had taken the revolver from it. Shortly thereafter, the defendant sold the revolver to an acquaintance, despite initial protestations of a companion who claimed that the gun was hers.

"The state's evidence fails to show that the defendant had unlawfully entered the truck and removed the gun therefrom. The only evidence connecting the defendant to this burglary is that later that day or the following day, the defendant had the gun which his companion claimed to own in his possession and sold it to a third party. *An unauthorized entry by the defendant into the pickup truck cannot be proved nor inferred simply from recent possession of the stolen revolver. Knowles v. State,* 124 Ga. App. 377 (183 SE2d 617). Although it is normally not error to refuse to direct a verdict in a criminal case, where the state fails to establish the elements of the offense for which the defendant is being tried, a verdict of acquittal is demanded. Code Ann. § 27-1802. Hence, it was error to deny the defendant's motion for a directed verdict." (Emphasis supplied.) On reflection, we conclude that the reasoning in that case was erroneous. The record in that case shows an unauthorized entry into the truck by a person unknown, entry being obtained into the locked truck by prying open a vent window in the door. The rule has been long established in this state that where a theft, whether by simple larceny, burglary, or robbery, is proven, that recent unexplained possession of the stolen goods by the defendant creates an inference or presumption of fact sufficient to convict. This is true without *direct proof* or other circumstantial evidence that the defendant committed the theft. See in this connection *Byrd v. Hopper,* 234 Ga. 248, 250 (215 SE2d 251); *Holliday v. State,* 23 Ga. App. 400 (1) (98 SE 386); *Tucker v. State,* 57 Ga. 503 (2); *Rutland v. State,* 90 Ga. 102 (1) (15 SE 813); *Dean v. State,* 93 Ga. 184, 186 (18 SE 557); *Chubbs v. State,* 204 Ga. 762, 764 (51 SE2d 851); *Barlow v. State,* 17 Ga.

App. 728 (1) (88 SE 212); *Craig v. State,* 91 Ga. App. 418 (85 SE2d 777). While there has been some criticism of charges where the word "presumption" is used rather than "inference" (*Byrd v. Hopper,* 234 Ga. 248, 251, supra) and it would be better to use the word "inference" or the words "presumption of fact," we do not have that problem here.

To convict a defendant based upon recent possession of stolen goods, it must be shown the goods were stolen and there must be an absence of or an unsatisfactory explanation of that possession. *Chubbs v. State,* 204 Ga. 762, supra. The proof of these facts beyond a reasonable doubt creates a presumption or permissible inference of the defendant's guilt, that is that the defendant himself committed the crime charged and proven. This rule makes unnecessary *direct* or *other circumstantial* proof that defendant committed the crime charged and proven in order to convict. The reasoning in the *Bennett* case completely eliminates this age-old rule in this state, and we must, in view of the overwhelming authority by this court and the Supreme Court disapprove it. The case relied upon and cited in the *Bennett* case was a case in which no proof of burglary by any person was shown.

The judgment of reversal in *Bennett,* however, was correct because of the holding in *Massey v. State,* 141 Ga. App. 557 that "an automobile per se cannot be the subject of a burglary." We therefore do not overrule *Bennett* but do disapprove of its erroneous reasoning.

We concede that the mere unexplained possession of property alleged to be stolen is not sufficient (*Hand v. State,* 110 Ga. 257 (34 SE 286)), yet when the property alleged to be stolen is proven to be stolen property and the crime charged has been committed by someone, the recent unexplained possession of the stolen property by the defendant is a circumstance from which guilt may be inferred (*Gilliard v. State,* 17 Ga. App. 364 (86 SE 939)), that is, the defendant charged committed the theft proven. This being so, no further circumstances or direct proof showing the defendant committed the theft is necessary for a conviction. The trial judge did not err in refusing to direct a verdict of acquittal and the evidence was sufficient to authorize the verdict.

2. The evidence that the defendant, after being questioned by the police officers while in possession of the stolen motorcycle and helmet, did thereafter attempt to hide the stolen vehicle and helmet and left the scene is sufficient to authorize a charge on flight. There was no error in so charging.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED APRIL 18, 1977.

*J. Robert Daniel,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Don Thompson, Thomas H. Hinson, Assistant District Attorneys,* for appellee.