## 57661. WELLS v. THE STATE.

SMITH, Judge.

Appellant was tried and convicted of the offense of burglary. Appellant's primary contention on appeal is that the state failed to establish entry, an element of the offense of burglary. Finding no reversible error, we affirm. However, because the state has failed to establish that the requisite procedures were followed at the presentence hearing, we must vacate the judgment with respect to sentence only and remand the case for resentencing.

1. "A person commits burglary when, without authority and with intent to commit a felony or theft therein, he enters or remains within the dwelling house of another . . ." Code § 26-1601. Without proof of entry, a conviction for burglary cannot stand. Moreover, entry cannot be inferred from mere recent possession of stolen

goods. *Knowles v. State,* 124 Ga. App. 377 (183 SE2d 617) (1971). Appellant asserts that nothing in the record establishes the element of entry. We do not agree.

In response to the question, "What if anything happened on that date that you remember?" One witness responded, without objection, "His house was broke into." The record does not reveal whether this witness actually observed an entry. However, it must be presumed, in the absence of anything to the contrary, that the witness is testifying of his own knowledge. *Canal Ins. Co. v. Winge Brothers, Inc.* 97 Ga. App. 782, 783 (104 SE2d 525) (1958).

The direct testimony that the house "was broke into" is supported by strong circumstantial evidence of entry. One of the burglary victims testified as follows: "Q. Did you have a chance to check your house after this event took place? A. Well, I didn't go in until Bill Forsyth got there because I was afraid there might be somebody else in the house, and I didn't want to touch anything. Q. How long was that after all this took place? A. It was about forty-five minutes I guess. I really don't know. Q. Was your television in your house at that time? A. No, it wasn't." On the basis of testimony in evidence, the jury was authorized to find that someone had taken the victims' television set from their house.

While the testimony cited above does not establish an entry by appellant, it does establish an entry by some individual. Appellant does not challenge the sufficiency of the evidence with respect to the other elements of the offense of burglary, and any such challenge would be to no avail. The evidence authorized a finding that a burglary had been committed.

The evidence also authorized a finding that appellant had committed the burglary in question. Several witnesses observed appellant in the victims' carport with two of the victims' television sets loaded into the back of his car. "The rule has been long established in this state that where a theft, whether by simple larceny, burglary, or robbery, is proven, that recent unexplained possession of the stolen goods by the defendant creates an inference or presumption of fact sufficient to convict." *Selph v. State,* 142 Ga. App. 26, 28 (234 SE2d 831) (1977).

2. The trial court admitted, over objection, a statement by one of the victims that his house was "burglarized." This testimony should have been excluded because it constitutes an improper expression of a legal conclusion by a witness. *Mills v. State,* 137 Ga. App. 305, 307 (223 SE2d 498) (1976). However, we conclude that the admission of this testimony was harmless error. As stated above, the record in this case contains both direct and circumstantial evidence of entry. In light of this, we do not believe it is highly probable that the error committed here contributed to the jury's verdict. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Appellant asserts that it was error for the trial court to admit, over objection, a detective's testimony that the "getaway" car belonged to appellant. It is argued that this testimony was inadmissible under the so-called "best evidence" rule because no foundation had been laid to excuse nonproduction of documents of title. Such an assertion is without merit. The best evidence rule has no application where the contents of a writing are not in issue. *Smith v. State,* 236 Ga. 5, 8 (222 SE2d 357) (1976). " '*Where the existence of a fact is the question at issue and not the contents of a writing, then oral and written evidence of the fact may both be primary evidence.*' 11 EGL, Evidence § 60." *Willingham v. State,* 134 Ga. App. 603, 606 (215 SE2d 521) (1975).

4. We find no error in the trial court's instruction regarding flight. The trial court correctly instructed the jury that, if they found flight occasioned by a consciousness of guilt, they could consider such flight in reaching their verdict. The court was not required to qualify this charge by instructing the jury that "consciousness of guilt" meant "consciousness of burglary," as opposed to some other crime. "The failure to charge a proposition of law applicable to the case cannot be taken advantage of by assigning error on a portion of the charge which is abstractly correct." *Mullins v. State,* 213 Ga. 331, 332 (99 SE2d 117) (1957).

There is no indication that the jury in the instant case was misled by the trial court's instruction regarding flight. The jury was fully informed by the trial court that appellant was being tried for the offense of burglary.

Nothing in the trial court's instruction suggested to the jury that appellant stood accused of any other crime.

5. Upon a proper and timely request, a defendant in a criminal proceeding is entitled to a jury instruction that his failure to testify raises no presumption against him. *Woodard v. State,* 234 Ga. 901 (218 SE2d 629) (1975). In this case, appellant made no such request. "As appellant did not comply with the essential requirement, — to wit, a proper and timely request — we must hold there is no merit to this enumeration." *Horn v. State,* 140 Ga. App. 592, 595 (231 SE2d 414) (1976).

6. Appellant's sixth enumeration of error is that the trial court erred in denying appellant's motion to dismiss the indictment. It is argued that appellant was denied effective assistance of counsel and fundamental due process. These assertions are without merit.

The four month delay in appointment of counsel in this case did not, *ipso facto,* deny appellant effective assistance of counsel. Roberts v. Dutton, 368 F2d 465, 470 (5th Cir. 1966). Appellant was appointed counsel at his arraignment. According to appellant's counsel, appellant was granted a continuance to allow adequate preparation time. He was tried on November 7, 1977, and convicted on November 8. The instant case bears no resemblance to Roberts v. Dutton, supra, where the defendant was tried the same day that counsel was appointed.

After a careful review of the record in this case, we are confident that appellant was afforded due process of law as guaranteed by the Constitution of the United States.

7. Appellant's final enumeration of error relates only to the procedures adopted by the trial court in the presentence hearing. See Code § 27-2503. Appellant asserts that the trial court erred in considering an unauthenticated copy of appellant's prior criminal record. We are unable to determine from the record before this court whether the copy of appellant's prior conviction was properly certified, whether appellant was properly represented by counsel in prior criminal proceedings, or whether appellant was given adequate notice that prior convictions were going to be considered by the trial court in passing sentence. Consequently appellant's sentence

must be vacated, regardless of whether an objection was raised at trial. *Collins v. State,* 145 Ga. App. 341, 344 (243 SE2d 716) (1978). Appellant is entitled to a new trial as to sentence only.

*Judgment affirmed in part; vacated in part. Quillian, P. J., and Birdsong, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED
SEPTEMBER 20, 1979 —

*Jeffrey B. Talley,* for appellant.
*W. A. Foster, III, District Attorney,* for appellee.