## 60078. FUNK v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offense of armed robbery. Motion for new trial was filed and denied. Defendant appeals, enumerating as error the general grounds for new trial. *Held:*

The state's evidence is that the defendant, along with an accomplice, entered the grocery store which was robbed. Two employees of the store testified that they saw a revolver in defendant's hand. One of those employees, the head stock clerk, testified that the defendant held a gun to the small of his back and ordered him to the store's office. In the office the defendant's accomplice collected the money in paper sacks while the defendant stood watch. The defendant and his accomplice then fled from the store but were followed by two employees of the store. On a tip from two individuals on the sidewalk that "they left in a green Cutlass," the employees pursued a green Cutlass automobile leaving from the end of the parking lot but soon lost sight of it. Shortly thereafter they spotted the defendant driving a black 1964 Buick automobile which they then followed, and subsequently they flagged a police officer who stopped the vehicle they were following and apprehended the defendant. After detectives were called to the scene they discovered the accomplice in the trunk of the Buick, along with two loaded revolvers and a bag containing the sum of $505. They also found the sum of $695 on the person of the accomplice.

The defendant testified that he had mechanical difficulty with his automobile causing it to overheat, and he had parked it to allow it to cool. He noticed a car which he thought was Mr. Clark's (the accomplice) and went inside the grocery store (which was subsequently robbed) and found him there. Defendant stated that he told Mr. Clark about his car trouble and asked for a ride, which Mr. Clark agreed to, and shortly thereafter Mr. Clark began "acting funny" and "kind of crazy like" and stated, "I'm going to rob this place." Defendant stated that Mr. Clark pulled out his pistol and said, "Do what I tell you and nobody will get hurt." According to defendant, Mr. Clark then instructed him to go over and get a man who was sitting in one of the aisles and bring him "over here" and that Mr. Clark further instructed him, "You stand right here and do what I tell you to" and "You tell me if anybody is coming or anything and nobody will get hurt." According to defendant, they fled to his car where Mr. Clark found the defendant's pistol in the front seat, took it and got into the trunk, instructing the defendant to drive him across the river. When asked why he did not leave the car after Mr. Clark was in the trunk, defendant responded that he was "just scared."

Defendant denied having a weapon at any time while he was in the grocery store. He further denied pointing a weapon at anyone or having any intent to rob the store or take any money from anyone.

The evidence presented by the state and the defendant's testimony are in conflict. The jury has resolved the conflict, accepting as truthful the state's evidence that defendant willingly participated in the armed robbery. The evidence as to defendant's guilt is direct and positive and contrary to defendant's contention that there is nothing more than circumstantial evidence to indicate that the situation was other than that described in defendant's testimony.

We note the testimony of two witnesses that defendant was armed with a loaded revolver which was recovered by police officers. The state's evidence is that defendant used this revolver to threaten an employee of the grocery store. The defendant testified that he was not armed at any time during the course of events within the grocery store and was coerced to participate therein. It was within the province of the jury to believe the testimony of the state's witnesses and to disbelieve the testimony of the defendant. The jury decided the question of defendant's willingness to participate in the robbery adversely to defendant. *Syck v. State,* 130 Ga. App. 50, 51 (202 SE2d 464); *Ivey v. State,* 147 Ga. App. 227, 229-230 (4) (248 SE2d 334).

The evidence presented by the state adequately supports the verdict of the jury. *Allen v. State,* 150 Ga. App. 109, 111 (4) (257 SE2d 5); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920). After a careful review of the trial transcript and record, we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of armed robbery. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Thomas v. State,* 245 Ga. 688, 690 (1) (266 SE2d 499).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 6, 1980 — DECIDED
JULY 3, 1980.

*H. Haywood Turner, III,* for appellant.
*William J. Smith, District Attorney,* for appellee.