## 60407. EVANS v. THE STATE.

BIRDSONG, Judge.

On this appeal, Evans contends that his conviction for burglary violates due process because the evidence presented by the state fails as a matter of law to prove beyond a reasonable doubt each and every fact necessary to constitute the crime of burglary.

1. Appellant argues that a conviction based entirely on the defendant's unexplained possession of stolen goods provides no assurance that an accused will be convicted only upon proof beyond a reasonable doubt. We held in *Selph v. State,* 142 Ga. App. 26, 29 (234 SE2d 831), "[t]o convict a defendant based upon recent possession of stolen goods, it must be shown the goods were stolen and there must be an absence of or an unsatisfactory explanation of that possession . . . The proof of these facts beyond a reasonable doubt creates a presumption or permissible inference of the defendant's guilt, that is that the defendant himself committed the crime charged and proven. This rule makes unnecessary *direct* or- *other circumstantial* proof that defendant committed the crime charged and proven in order to convict." When such recent unexplained possession is proved, "the ultimate fact to be presumed [the theft] 'is more likely than not to flow from the proved fact' [of recent unexplained possession]," *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900). The reason this permissive presumption exists, by which guilt may be inferred, is that where recent possession of stolen goods is not explained or not explained satisfactorily, then in legal estimation and in common sense, the jury may conclude there is no reasonable doubt that the defendant stole the goods.

Appellant argues that the United States Supreme Court, in County Court of Ulster County, N. Y. v. Allen, 442 U. S. 140, 167 (99 SC 2213, 60 LE2d 777), held that *"[a]s long as it is clear that [a permissive] presumption is not the sole and sufficient basis for a finding of guilt,* it need only satisfy the test described in [Leary v. U. S., 395 U. S. 6, 36]," (emphasis supplied) that there must be a rational connection between the basic fact proven, i. e., recent unexplained possession, and the ultimate fact presumed, i.e., the theft, and the latter is more likely than not to flow from the former. Appellee argues it is therefore unconstitutional to base conviction on a permissive presumption as "the sole and sufficient basis for a finding of guilt." Assuming appellant's interpretation of the statement in County Court of Ulster County v. Allen is correct, we must observe that that case also defines a permissive presumption as one which allows inference of a fact and "places no burden of any kind on the defendant," and defines "mandatory presumption" as one

which tells the jury it "*must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts." (County Court of Ulster, 442 U. S. 157, supra.) If we accept the Supreme Court's analysis of the esoteric, elusive nature of presumptions (see, e.g., 29 AmJur2d, Evidence, §§ 159-166), we must conclude that the one under discussion here seemingly is more mandatory than permissive. For obvious reasons, however, our Georgia courts have never been inclined to tell a jury what it *must* conclude from an inference or presumption, particularly when the presumption is involved in a criminal case, and to the extent that we have called this one a permissive presumption or inference (*Selph,* supra, p. 29), rather than mandatory, we do not feel compelled to retrench.

It is clear, however, that in any case the inference of guilt which arises from the defendant's recent possession of stolen goods is not "the sole and sufficient basis for a finding of guilt" (Ulster, supra) since it is the defendant's *failure to satisfactorily explain* his possession of stolen goods which authorizes the verdict of guilt for the theft. *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202); *Carpenter v. State,* 140 Ga. App. 368, 369-370 (231 SE2d 97). Moreover, since recent unexplained possession rationally connects the defendant to the theft, it satisfies the test in Leary (Ulster, supra) and sustains the conviction for theft. Moreover, what the Supreme Court actually said in Ulster, at p. 167 is that "[i]n the [case of permissive presumptions], since the prosecution bears the burden of establishing guilt, it may not rest its case entirely on a presumption *unless the fact proved is sufficient to support the inference of guilt beyond a reasonable doubt.*" (Emphasis supplied.) Since, as we have so often and clearly held, recent unexplained possession of stolen goods is sufficient to support the inference of guilt beyond a reasonable doubt, there is no need for further proof of guilt (*Selph,* supra). There is therefore nothing unconstitutional in the inference of guilt without further adornment of evidence by any analysis suggested in Ulster, supra.

2. The evidence shows that the victims' house was robbed between 10:00 a.m. and 3:10 p.m. on June 26, 1979. The stolen items included a .35 mm. camera in a case with attachments inside, a .22 caliber pistol, and three rings. Appellant's two cousins testified that appellant had come to their apartment between 10:00 a.m. and 12:00 p.m. on June 26 and at appellant's request, went with him to pawn four rings which he showed them. One of the women, Elaine Dunn, went with appellant inside the shop and used her identification papers to pawn the rings. After leaving the shop, appellant paid her $15 and paid the other woman $10. Both women saw a camera case in

the car. On the return trip, the trio stopped their car in the street and talked to another cousin Ronnie Evans. He was alone and agreed to come by the women's apartment in a few minutes to visit. Ronnie Evans and his wife testified, consistent with the two women's testimony, that, when Ronnie had stopped and talked to appellant in the street, Mrs. Evans was not with him but was driving another car ahead of him to deliver it to her mother. When he arrived at the apartment shortly thereafter, Mrs. Evans was with him. Both women cousins as well as Ronnie Evans and his wife testified that at the apartment an expensive looking camera with a stand (or tripod) and a case, and an old-looking long barrelled pistol sat on the coffee table, *and that appellant told them these items were his.* Appellant offered to sell Ronnie Evans the camera; Evans recognized the camera as a .35 mm. Pentax. Ronnie Evans' wife heard the two women cousins discussing some rings appellant had brought to the apartment. The pawnbroker testified that when one of the women, identified as Elaine Dunn, came into his shop to pawn what turned out to be the victims' rings, a man came in with her, but the witness could not say whether that man was the appellant. This evidence, which is consistent and corroborated in all material respects, is sufficient basis from which the jury could, beyond a reasonable doubt, conclude that appellant was in recent and totally unexplained possession of the stolen goods, and ergo, committed the burglary. We find no merit in his appeal.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED SEPTEMBER 8, 1980 — DECIDED OCTOBER 1, 1980 — REHEARING DENIED OCTOBER 21, 1980.

*Vicki C. Affleck,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.