## 61444. WORTHAM v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of burglary. Defendant appeals. *Held:*

1. The state's evidence shows that on the night of December 1, 1979, a veterinary office in Blackshear, Pierce County, Georgia, was broken into and entered without authority by a person or persons unknown. A number of glass vials containing liquid anesthetics and sedatives (drugs) normally used for animals were taken. The vials taken from the veterinary office were recovered in Jesup, Wayne County, Georgia, on the morning of December 2, 1979, at about 10:30 a.m., when a police officer investigating a vehicle parked partially on the road and partially off the road found the defendant and another "passed out" in the front seat of the car. The defendant was found sitting on the passenger side of the automobile "passed out with his head laying [sic] on the driver's legs and between his legs was a bottle of drugs." Underneath the defendant was a brown paper bag with several bottles of drugs in it. Also found in the car were several syringes lying on the front seat with what appeared to the officer to be blood on them. The defendant's arm, as well as the driver's, had blood on it. The blood on the defendant's left arm was "in his elbow area, kind of down the forearm," and it appeared to the officer that the defendant had taken an injection.

Defendant testified that he had been drinking heavily on the evening of December 1, 1979, at a restaurant and disco, so that due to intoxication he had no memory of the interval of time between his being at the restaurant and disco and his awakening in the Wayne County jail. The driver and owner of the vehicle in which defendant was found entered a plea of guilty of burglary of the veterinary clinic in question and testified, during defendant's pre-sentence hearing only, that defendant had no involvement in the burglary, was passed out in the back seat of his car during the burglary and did not use any of the drugs taken in the burglary.

The state's evidence shows that a burglary of the veterinary office had recently occurred, and the vials discovered by law enforcement officers in the vehicle in which the defendant had been found unconscious had been stolen from the veterinary clinic. The defendant's possession of the stolen vials of drugs was proven by the presence of one of the vials in plain view between defendant's legs, suggesting that defendant had injected himself with some quantity of the drugs. See in this regard *Smith v. State,* 152 Ga. App. 134, 136 (3) (262 SE2d 166).

No further circumstances or direct proof showing defendant

committed the burglary is necessary for conviction. *Selph v. State,* 142 Ga. App. 26, 29 (234 SE2d 831). We expressly reject defendant's suggestion that we revive *Bennett v. State,* 136 Ga. App. 806 (222 SE2d 207), the reasoning of which we disapproved in *Selph v. State,* 142 Ga. App. 26, supra. After careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of burglary. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

2. When the drug vials and syringes found in the vehicle were identified at trial, reference was made to the substance in the bottles as "drugs" and to the presence of "blood" in the syringes. There was no error in permitting these two identifications of substances as in both instances the witness' testimony clearly explained that the identification was a matter of opinion derived from that which the witness could see. In the case of the drug vials the witness' opinion as to the nature of the contents of the vial was derived from the labeling on the vial. As to the characterization of the substance in the syringes as blood it was explained that the witness formulated this opinion from the appearance of the substance. In both of these instances the source of the opinion was explained and therefore this was permissible opinion testimony. Code § 38-1708; *Calloway v. State,* 144 Ga. App. 457 (2) (241 SE2d 575). See also *Thomas v. State,* 67 Ga. 460 (5), 465; *Faucette v. State,* 71 Ga. App. 331 (3), 333 (30 SE2d 808); *Green v. State,* 153 Ga. 215 (1) (111 SE 916).

3. The syringes were admissible because of being in the possession of the defendant at the time of his arrest and due to the relevance in explaining defendant's motive for the burglary. *Creamer v. State,* 229 Ga. 511, 517-518 (192 SE2d 350); *Castleberry v. State,* 152 Ga. App. 769, 771 (3) (264 SE2d 239).

4. The arguments of the assistant district attorney characterizing that the defendant is a drug user were permissible and reasonable inferences from the evidence presented at trial.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 16, 1981.

*Franklin D. Rozier, Jr.,* for appellant.

*C. Deen Strickland, District Attorney, W. Fletcher Sams, Assistant District Attorney,* for appellee.