## 64200. MITCHELL v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for rape and aggravated sodomy. *Held:*

1. The trial court did not err in failing to charge on intent as set forth in Code Ann. § 26-601 as defendant did not make a request in writing for the charge and the trial court fully charged on the essential elements of the crimes.

"It has long been a rule in this state, that it is not error, in the absence of request, to fail to charge the Code section requiring of a criminal act that there must be a joint operation of act and intention (. . . Code Ann. § 26-601 . . .), where the court fully charged the essential elements of the crime with which the defendant was charged. [Cits.]" *Barrett v. State,* 146 Ga. App. 207 (2), 208 (245 SE2d 890). See also, *Clary v. State,* 151 Ga. App. 301 (5) (259 SE2d 697).

2. The general grounds are asserted.

The state's evidence showed that defendant and three other males abducted the victim from a public street into a car and drove to a secluded location. The victim was directed to perform certain acts and when she refused to do so, a co-defendant spoke of killing her. Whereupon defendant got out of the car protesting the killing and stated that all he wanted was sex. A co-defendant in the car armed with an ice pick told him to get back into the car and to stop using their names or he would "get his ass whipped." Defendant then got back into the car. Without further protestations by defendant or threats by any co-defendant the four men then each sodomized and raped the victim.

Defendant admitted in testimony, as he had in his pretrial statement, that he had sexual intercourse with the victim but claimed that he did so to avoid being injured or killed by co-defendants.

The trial court properly charged on the defense of coercion and the jury by their verdict found no merit in the defense.

We find that the evidence was sufficient to authorize the jury to find that defendant was not coerced into committing the offenses and that he was guilty of the offenses, beyond a reasonable doubt. *Reynolds v. State,* 156 Ga. App. 271 (274 SE2d 679); *Funk v. State,* 155 Ga. App. 173, 174 (270 SE2d 355).

3. Defendant claims the trial court improperly admitted his pretrial statement in evidence because he did not understand and waive his rights under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694).

The state's evidence was that defendant was fully and carefully advised of his Miranda rights, that he appeared to and said that he

understood them, that he did not request an attorney and freely and voluntarily gave the statement.

Defendant's evidence tended to show that he did not understand his rights. Defendant said he did not and his mother and special education teacher testified that in their opinion he would not have understood them because he was slightly retarded, slow in school and easily persuaded.

"The fact that defendant may have been suffering from some mental condition was not alone sufficient to exclude the confession. [Cit.] A trial court may be authorized to find that an individual is capable of waiving his rights even though there is evidence to the effect that he is moderately retarded. [Cit.]" *Moses v. State,* 245 Ga. 180 (5), 186 (263 SE2d 916).

" 'The standard for determining the admissibility of confessions is the preponderance of the evidence. [Cit.] To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. [Cit.] ... Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. [Cit.]' " *Lee v. State,* 154 Ga. App. 562, 563 (269 SE2d 65).

There was no error in admitting the statement in this case.

4. The remaining enumeration that the pretrial bail was improperly denied is mooted by the conviction. *Mooney v. State,* 146 Ga. App. 390 (246 SE2d 328).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 30, 1982.

*G. Terry Jackson,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.