65630. NASH v. THE STATE.
65634. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

Defendants Nash and Smith were convicted of the offense of burglary and another defendant, Nance, was convicted of the offense

of theft by receiving stolen property. The defendants Nash and Smith appeal.

Counsel has filed a motion to withdraw as appointed counsel for defendants Nash and Smith pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), that is, that after a careful and conscientious examination of the record and proceedings counsel believes an appeal of these cases to be frivolous. In accordance with Anders v. California, 386 U. S. 738, supra, counsel in filing the motion to withdraw as appointed counsel, has attached a brief raising points of law which counsel considered arguably could support an appeal, together with an affidavit deposing that he had served a copy of the motion to withdraw as counsel and brief in support thereof on both of the defendants Nash and Smith. Counsel further deposed that he had informed these defendants of the nature of an Anders' type brief both in person and by letter and had informed them counsel would make himself available for any consultation with them with respect to any portion of the record or any questions relative to the appellate rights of each. In addition, as required by *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) we have fully examined the record and transcript to determine independently if there are any meritorious errors of law. We are in agreement with counsel that none of the points raised have any merit and our independent examination fails to disclose any other errors of substance. Accordingly, we found these appeals to be wholly frivolous and granted permission of counsel to withdraw. The defendants Nash and Smith were notified of this action and of the options of each by reason thereof.

The defendant Smith has filed nothing further prior to the rendition of this opinion and has not raised any valid ground for appeal. However, the defendant Nash has filed a brief contending the testimony against him was contradictory and he was too drunk to have committed the burglary or to even drive the truck.

The state's evidence shows that a gas station was burglarized during the night and a lengthy list of items were taken. A police department lieutenant, who had discussed the burglary and items of property taken with the victim prior to completing his work shift (11:00 p.m. to 7:00 a.m.) was off-duty and going to a different gas station for personal reasons when he stumbled upon the three defendants with the stolen items in plain view in the back of a pickup truck. As to the two defendants Nash and Smith here on appeal, Smith was asleep in the cab of the pickup truck and Nash, along with the third individual Nance, was in the vicinity of the pickup truck, later looking into the truck bed and seemingly talking. The lieutenant arrested the defendants who received Miranda warnings (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). Nash

stated that the pickup truck "belonged to a family member and wanted to know if they could come get it."

Upon defendants' presentation of their cases the third defendant, Nance, gave testimony implicating the other two defendants, Nash and Smith, in an effort to extricate himself. His testimony was corroborated by the testimony of other witnesses. *Held:*

1. "Voluntary intoxication shall not be an excuse for any criminal act or omission." OCGA § 16-3-4 (c) (formerly Code Ann. § 26-704 (Ga. L. 1968, pp. 1249, 1270)). Defendant Nash contends that he wanted to testify, but his counsel prevented him from doing so. No doubt counsel was aware of the law with reference to voluntary intoxication and elected not to permit this defendant to testify. We find no reversible error here.

2. The state's evidence disclosed that defendants were in recent unexplained possession of stolen items taken from a burglarized business. These facts create an inference or presumption of facts sufficient to convict. See *Selph v. State,* 142 Ga. App. 26, 28-29 (234 SE2d 831) and cases cited; *Wells v. State,* 151 Ga. App. 416, 417 (260 SE2d 374). The third defendant, Nance, (an accomplice, at least with reference to the possession of the stolen property), who was convicted of the offense of theft by receiving stolen property, testified that the others sought his aid in disposing of the tools which they had in the back of the truck and otherwise denied any participation in or personal knowledge of the circumstances of the burglary. Other testimony corroborated his testimony as to the burglary and his recruitment to help "get rid of some stuff." In further compliance with Anders v. California, 386 U. S. 738, supra, we have fully and carefully examined the record and transcript and find no reversible error. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the guilt of each of the defendants Nash and Smith beyond a reasonable doubt of the offense of burglary. See *Funk v. State,* 155 Ga. App. 173, 174 (270 SE2d 355); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Mullis v. State,* 248 Ga. 338 (1) (282 SE2d 334). We find no merit in any of the contentions made by the defendants either in brief of counsel or the brief filed pro se by defendant Nash. The jury was authorized to convict under the evidence disclosed.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 6, 1983 —
REHEARING DENIED MAY 5, 1983 —

Samuel Leon Nash, *pro se.*

Ricky Dean Smith, *pro se.*
*Harry N. Gordon, District Attorney,* for appellee.