## 66251. GRIGGS v. THE STATE.

McMurray, Presiding Judge.

Defendant was charged by accusation with the offenses of driving under the influence of intoxicating drugs, to wit: marijuana, and of driving a school bus without a proper driver's license. Upon the trial of the case the jury returned a verdict of guilty as to both offenses. Defendant's motion for new trial was denied, and he appeals. *Held:*

1. On September 25, 1981, the chief deputy of the Jasper County Sheriff's Department received information from a concerned parent, who had children on a certain school bus, that defendant, the school bus driver, was driving erratically from one side of the road to the other and playing loud music. The chief deputy was aware of several similar complaints received by the sheriff's department prior to this date. Whereupon, he dispatched another deputy to investigate with instructions to locate the school bus, stop it and check the driver. There was no indication that the concerned parent, who had called, had personally observed the bus or that the chief deputy conveyed to the investigating deputy any information as to the manner in which the school bus was purported to have been operated.

Upon locating the school bus, the investigating deputy pulled the bus over and asked defendant for his driver's license. Defendant presented a Class 1 license, but was unable to present a Class 3 license (vehicles 80 inches or wider, designed to carry more than 10 passengers). See OCGA § 40-5-23 (formerly Code Ann. § 68B-204 (Ga. L. 1975, pp. 1008, 1014)). Noting that defendant's eyes were bloodshot, that he was talking loudly and conducting himself in a belligerent manner toward the deputy, the investigating deputy placed defendant under arrest for driving under the influence. He was then transported to the sheriff's office where intoximeter tests were conducted and subsequently transported to a hospital where samples were taken for blood and urine tests.

Defendant's motion to suppress raises the issue of whether defendant's arrest was lawful, the defendant contending that the various physical evidence obtained after his arrest should be suppressed as tainted by an illegal arrest.

Initially, we reject defendant's contention that the stopping of the school bus was unlawful as being without probable cause. There was at least reasonable and articulable suspicion to authorize the stopping and brief detention of the defendant. See Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889). The chief deputy was authorized, from the information he had received, to determine that it was appropriate to investigate the complaint made in regard to

defendant. The investigating deputy was authorized to rely upon the determination by the chief deputy, a fellow law enforcement officer, that circumstances required that an investigative stop be made of the school bus. *State v. Thomason,* 153 Ga. App. 345, 347 (1) (265 SE2d 312); *Anderson v. State,* 123 Ga. App. 57 (2), 60 (179 SE2d 286). Compare *Perryman v. State,* 149 Ga. App. 54, 55-56 (3) (253 SE2d 444), and *Stoker v. State,* 153 Ga. App. 871, 873 (2) (267 SE2d 295).

As to the question of whether the arrest of defendant, for the offense of driving under the influence, was made with probable cause, we turn to the standards set forth in Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142). See also *Vaughn v. State,* 247 Ga. 136, 137 (274 SE2d 479). "Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U. S. 89, 91, supra. The question then, is whether the investigating deputy at the time of defendant's arrest had knowledge or reasonably trustworthy information that: (1) defendant was in actual physical control of a moving vehicle; (2) while under the influence of any drug; (3) to a degree which renders defendant incapable of driving safely. See in this regard OCGA § 40-6-391 (a) (2) (formerly Code Ann. § 68A-902 (a) (2) (Ga. L. 1974, pp. 633, 671)). The investigating deputy personally observed the defendant in actual physical control of the moving school bus, therefore, number 1 is clearly satisfied. The investigating deputy's observation of defendant, particularly the recognition of defendant's bloodshot eyes, loud speech, and belligerent conduct toward the deputy would appear to authorize a conclusion that defendant was under the influence of some drug and a conclusion as to the extent of intoxication. "A witness who has had suitable opportunity for observation may state whether or not another person is intoxicated, and the extent of his intoxication." *Harris v. State,* 97 Ga. App. 495 (3) (103 SE2d 443). See also *Garrett v. State,* 146 Ga. App. 610, 611 (1) (247 SE2d 136); *Evans v. State,* 151 Ga. App. 885, 886 (2) (262 SE2d 199); *Barlow v. State,* 158 Ga. App. 500 (280 SE2d 899). Numbers 2 and 3 are thus satisfied. The investigating officer did not lack probable cause to arrest defendant for driving under the influence. The trial court did not err in denying defendant's motion to suppress.

2. The investigating deputy testified that upon placing defendant in his patrol car, he read him his rights under the Georgia implied consent law. This included advising defendant that he had

the right to an additional chemical test by personnel of his choice, in addition to those administered at the direction of a law enforcement officer. Defendant was advised that any additional test would in no way satisfy his obligation to submit to the chemical test administered at the direction of a law enforcement officer and that failure to submit to the chemical test administered at the direction of a law enforcement officer would result in his license being suspended for a period of six months. The defendant having been advised as required by OCGA § 40-6-392 (a) (4) (formerly Code Ann. § 68A-902.1 (a) (4) (Ga. L. 1974, pp. 633, 672)), his consent to submit to the chemical test was a valid informed choice. Compare *Garrett v. Dept. of Public Safety,* 237 Ga. 413, 415 (228 SE2d 812).

3. The chief deputy identified state's Exhibit 1 as the remains of a marijuana cigarette. This officer testified that he knew marijuana when he saw it and his identification was clearly an opinion derived from the appearance of state's Exhibit 1. The source of the chief deputy's opinion was explained, and this was permissible opinion testimony. *Wortham v. State,* 158 Ga. App. 19, 20 (2) (279 SE2d 287).

4. The investigating deputy testified that he found state's Exhibit 1 (marijuana cigarette butt) under the seat of his patrol car after transporting defendant. This deputy testified that he always searched his patrol car after transporting an accused to be "sure nothing's been put behind the seat or on the floor," that he had done so a day or two previously after transporting an accused and that no one else had access to the vehicle in the interval before he transported the defendant. Although conceding that it was not impossible that state's Exhibit 1 was left in the vehicle by someone other than defendant the investigating deputy stated that it was "highly improbable." This statement being clearly predicated upon the deputy's exclusive use and control of the vehicle, this was sufficient circumstantial evidence to authorize a jury to conclude that state's Exhibit 1 had been in defendant's possession and left in the patrol car by him. *Barfield v. State,* 160 Ga. App. 228, 230-231 (3) (286 SE2d 516); *Patterson v. State,* 159 Ga. App. 290, 294 (283 SE2d 294).

5. Defendant contends that the relevancy of state's Exhibit 1, which is evidence of the independent crime of possession of marijuana, is outweighed by its prejudice and should not have been admitted. See in this regard such cases as *Robinson v. State,* 246 Ga. 469, (2) 470 (271 SE2d 786), and cases cited therein. Although the general rule is that evidence of independent crimes is inadmissible at the trial of the crime charged, there are exceptions to the general rule. See also *Johnson v. State,* 242 Ga. 649, 652 (3) (250 SE2d 394). Evidence of other criminal transactions is relevant and admissible where they represent a prior course of conduct pointing towards and

leading to the crime with which defendant is charged. *Haygood v. State,* 154 Ga. App. 633 (1) (269 SE2d 480). In the case sub judice, it is a necessary prerequisite to defendant becoming under the influence of marijuana that he first obtain possession of some marijuana. State's Exhibit 1 being evidence that defendant had accomplished this necessary prerequisite was admissible under this exception to the general rule of exclusion of evidence of independent crimes.

6. We find no merit in defendant's contention that the evidence demanded a verdict of acquittal. As to the offense of driving under the influence of marijuana, the evidence supporting the verdict shows: On the date in question, the defendant was operating a school bus in excess of the speed limit, causing the school bus to skid across a curve in the road almost sideways. Defendant was "talking out of his head," "acting lightheaded," "driving wild as usual," and his eyes were dilated and bloodshot. Upon being stopped by the investigating deputy, defendant was loud and stepped toward the deputy "as though he was fixing to start a fight." Chemical tests indicated defendant had been using marijuana. See OCGA § 40-6-391 (a) (2) (Code Ann. § 68A-902), supra, and *Barlow v. State,* 158 Ga. App. 500, supra.

As to the offense of driving without a proper license, the evidence supporting the verdict shows: Defendant was driving a school bus which on that day had been carrying approximately 60 students. When stopped defendant was unable to produce a Class 3 driver's license. See OCGA § 40-5-23 (c) (Code Ann. § 68B-204), supra. The evidence that the school bus in question had carried approximately 60 students on the day in question was sufficient circumstantial evidence to authorize a conclusion that the school bus required an operator possessing a Class 3 license.

The evidence was sufficient for a rational trier of fact (the jury in the case sub judice) to reasonably have found that defendant was guilty beyond a reasonable doubt of the offenses of driving under the influence of marijuana and driving without a proper license. See *Powers v. State,* 161 Ga. App. 415, 416 (1) (288 SE2d 680).

7. On June 2, 1982, defendant filed his motion for new trial. No rule nisi was attached nor copy of the rule nisi served upon the state as required by OCGA § 5-5-44 (formerly Code § 70-306). (Nor did the state waive this provision.) Subsequently, the state filed its motion to dismiss defendant's motion for new trial. The rule nisi, as to the state's motion to dismiss, recited that the state's motion was set down for hearing for September 7, 1982, but that defense counsel was unable to appear at that time and the hearing on this motion was then set for September 22, 1982. After a hearing upon the state's motion to dismiss defendant's motion for new trial, the trial court ordered

defendant's motion for new trial be dismissed. Under the facts and circumstances of the case sub judice, we find no abuse of discretion by the trial court in dismissing defendant's motion for new trial. *Vaughan v. State,* 161 Ga. App. 265, 266 (287 SE2d 728).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 14, 1983 —
REHEARING DENIED JULY 27, 1983 —

*M. Randall Peek,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.