STATE OF HAWAI`I, Plaintiff-Appellee,
v.
DOUGLAS B. SEARBY, Defendant-Appellant
No. 28244.
Intermediate Court of Appeals of Hawaii.
August 12, 2008.
On the briefs: Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Richard K. Minatoya, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
By: Recktenwald, C.J., Watanabe and Nakamura, JJ.
Defendant-Appellant Douglas B. Searby appeals from the judgment entered on September 29, 2006 in the District Court of the Second Circuit (district court).[1]
Searby was initially charged, in the March 7, 2006 Complaint, with Operating a Vehicle under the Influence of an Intoxicant (OUI), in violation of Hawaii Revised Statutes (HRS) § 291E-61 (2007) (Count One); Reckless Driving of Vehicle, in violation of HRS § 291-2 (2007) (Count Two); Noncompliance With Speed Limit, in violation of HRS § 291C-102(b) (Supp. 2005) (Count Three); and Promoting a Detrimental Drug, in violation of HRS § 712-1249(1) (1993) (Count Four). The charges stemmed from an incident on February 4, 2006, in which a car driven by Searby was stopped by Maui police officer Mark Hada.
The district court granted Searby's motion for judgment of acquittal on Counts Two and Four. Searby was convicted on Count One, and the district court entered judgment for the State on Count Three, however, he does not challenge the judgment as to Count Three in this appeal.
Searby raises the following point of error on appeal: "There was no substantial evidence to support Searby's convictions where his speeding and minor deviations in performing the walk-and-turn portion of the [field sobriety test] did not constitute substantial evidence that his ability to operate his vehicle in a safe and prudent manner had been impaired."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Searby's point of error as follows:
Viewing the evidence in the light most favorable to the State of Hawai`i, State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998), there was substantial evidence to support Searby's OUI conviction. Searby was driving 85 miles per hour (mph), which was 40 mph over the posted speed limit of 45 mph, when he was stopped by Officer Hada. Officer Hada noticed that Searby's eyes were red and glassy, and that Searby's speech was slurred. Officer Hada arrested Searby for "racing on highways and reckless driving," and searched Searby incident to the arrest. Officer Hada recovered a green leafy substance from Searby's pocket which "appeared to be marijuana."[2] Officer Hada also performed a "presumptive field test" on the substance which "showed up positive color and chemical reaction for the presence of THC, tetrahydrocannabinol. . . . "[3]
Officer Hada subsequently had Searby perform several field sobriety tests (FSTs). Officer Hada testified that during the instructional phase of the walk and turn test (WAT), Searby fell out of position twice. During the first part of the performance phase of the WAT, Searby took only eight steps instead of nine, turned in the wrong direction after taking the steps, and stopped on the turn for approximately five seconds. In the second part of the performance phase, Searby hesitated on all of the steps. Officer Hada testified that at the conclusion of these and other FSTs, he formed the opinion that Searby was impaired while operating his vehicle.[4]
Additionally, Dr. Clifford Wong, who was qualified by the district court as an expert witness in toxicology and the effect of drugs on "human systems," testified that tests of a urine sample taken from Searby on the night of his arrest established the presence of metabolites of marijuana and cocaine, and that red and glassy eyes, and slurring of speech, were consistent with use of marijuana. Dr. Wong also testified that while the presence of metabolites of marijuana and cocaine in Searby's urine "is not a, per se, indication of intoxication[,]" when "tied in with the field sobriety test, the interview with the officer, and the driving pattern, they all point, and they are consistent with intoxication by drugs." Thus, Dr. Wong testified that in his opinion, Searby was impaired by drugs when he was driving.
The district court, having had the opportunity to hear testimony and weigh the credibility of the witnesses, concluded that "there's no real benign explanation" for Searby's driving 40 mph over the speed limit, and for his various miscues during the WAT test. We agree. When that evidence is considered along with the other evidence in its totality, we conclude that there was credible evidence of sufficient quality and probative value to allow a person of reasonable caution to conclude that the evidence supported Searby's conviction. See State v. Coffee, 104 Hawai`i 193, 200, 86 P.3d 1002, 1009 (App. 2004).
Accordingly, the September 29, 2006 judgment entered in the District Court of the Second Circuit is hereby affirmed.
NOTES
[1] The Honorable Barclay E. MacDonald presided.
[2] Hada testified that he had "become familiar" with recognizing marijuana by appearance during his training. He had also received training in conducting "presumptive field test[s]" of substances suspected of being marijuana, and had conducted approximately 50 to 75 such tests.
[3] Searby objected to the admission of the green leafy substance itself on the ground that laboratory testing was not done and the chain of custody had not been established by the State. The district court sustained that objection.
[4] Searby did not object to Officer Hada's opinion testimony. See Griggs v. State, 307 S.E.2d 75, 77 (Ga. Ct. App. 1983) (in a case involving driving under the influence of marijuana, "[a] witness who has had suitable opportunity for observation may state whether or not another person is intoxicated, and the extent of his intoxication.") (citation omitted); cf. State v. Vliet, 91 Hawai`i 288, 298, 983 P.2d 189, 199 (1999) ("any . . . lay person, including a police officer, can have an opinion regarding sobriety") (citation omitted).